DAVID C. GANNAWAY

*v.*

MATTHIAS BARRICKLOW, Admr.

*Opinion filed June 16, 1903.*

1. TAXES—*board of review has no power to levy tax.* A board of review has authority to assess property for the purpose of taxation, but it has no power to levy or extend the tax.

2. SAME—*when money paid as for taxes may be recovered.* Money paid in good faith by an administrator to the county treasurer upon the representation by the board of review that the amount was for back taxes upon his intestate's property may be recovered back, where no entry of the alleged assessment was made upon the assessor's books and no tax thereon extended by the clerk.

APPEAL from the Circuit Court of Coles county; the Hon. F. K. DUNN, Judge, presiding.

JOHN F. VOIGT, Jr., State's Attorney, JOHN H. MARSHALL, and S. S. ANDERSON, for appellant.

NEAL & MITCHELL, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, Matthias Barricklow, administrator of the estate of Lenah Barricklow, deceased, appeared before the board of review of Coles county on July 18, 1902, in response to a notice. The board explained to him that they were trying to collect the taxes for former years that were unpaid, and claimed that his intestate had not made return of all her personal property for the years 1898 to 1901, inclusive. After examining him as to the extent of the property which his intestate owned in those years, the board gave him a paper, substantially as follows: "Charleston, Illinois, July 18, 1902.—Matt Barricklow, administrator of Lenah Barricklow, deceased. Tax in Humboldt 9-14-8." The paper was divided into

columns for the year, the assessed value, taxable value, rate, tax, penalty and total tax, and contained under such headings the following:

1898.—Assessed value $3000, taxable value $1000, rate 3.00, tax $30, penalty $9, total $39.

1899.—Assessed value $1000, taxable value $200, rate 2.48, tax $4.96, penalty $.99, total $5.95.

1900.—Assessed value $4000, taxable value $800, rate 2.55, tax $20.40, penalty $2.04, total $22.48.

1901.—Assessed value $1500, taxable value $300, rate 2.75, tax $8.25, total $8.25.

The total tax was $75.64. · The board told appellee that the paper was a statement of back taxes due, and that he should take it to appellant, who is treasurer of said county, and if not paid by September 1 there would be an additional ten per cent penalty added to the taxes. Appellee went to the office of appellant and presented the alleged statement of back taxes, stating to appellant what the board of review said, but that he could not pay the money that day; that he wanted to avoid the penalty that would be added, and that he could send a draft in a day or two, and asked if it would be all right if he went home and sent the draft. Appellant told him, in substance, that it would make no difference to him if he never paid it. Appellee sent the draft for $75.64, which was received by appellant. No entry of the alleged assessment was made on the assessor's book and no taxes were levied or extended on such assessment. Appellee afterward learned that there was no back tax of $75.64, or any other sum, and that no taxes against him were ever levied or extended by the county clerk, and he brought this suit in assumpsit to recover back the money paid. Appellant testified that he had no claim to the money, but the defense was that it was voluntarily paid as a tax, and therefore could not be recovered. A jury was waived, and there was a finding and judgment for the appellee.

The board assumed to assess appellee for omitted property, but did not, in fact, make any assessment, and proceeded to levy taxes at rates determined upon by the board, and added penalties, and then advised appellee that he must pay that sum as back taxes before September 1 or there would be another penalty. If the board had made an assessment it would have formed the basis for taxes which would have been extended by the county clerk and would have been collected the following year. The board of review had authority to assess property but had no authority to levy or extend taxes. Taxes are levied by the taxing authorities, and the taxes based on the levies and certificates are extended by the county clerk. Appellant had no authority to collect or receive this money. It was not a tax and did not appear on any book as a tax, and he had no warrant for its collection. It could not be distributed among taxing districts which had never levied it, and the money did not belong to them.

The court, in passing upon propositions of law, held that a void or illegal tax voluntarily paid could not be recovered back, but that there could be no tax where none was ever levied or extended, and that appellant was not entitled to retain this money as a tax. We are of the opinion that the ruling was correct. A tax voluntarily paid where there is no mistake of fact cannot be recovered back in any proceeding on the ground that the tax is illegal, but in this case the money paid was not a tax at all. Appellee was administrator of a deceased person who the board alleged had not been taxed in previous years upon her entire estate, and the board gave him an alleged statement of the back taxes due, which amounted to an imposition upon him. He acted in the utmost good faith and under a misapprehension as to existence of the alleged liability. Money paid under a pretense of that character may be recovered in an action for money had and received. (*Whitton* v. *Barringer*, 67 Ill.

551.) The money being in the appellant's hands without authority of law, it belonged to the appellee, by whom it was paid. Appellant had no right to it, but was equitably bound to refund it. (*Sangamon County* v. *City of Springfield*, 63 Ill. 66; *Town of Virden* v. *Needles*, 98 id. 366.) Even where a tax is legally levied and voluntarily paid, if the purpose of the tax fails or the object is lawfully abandoned, the money which is held in trust to be devoted to the particular purpose may be recovered back in an action for money had and received. (*Bradford* v. *City of Chicago*, 25 Ill. 349.) In this case the money was in the hands of the treasurer without any authority of law and could not be devoted to any·purpose as a tax. The only person having any right to it was the appellee.

The judgment is affirmed.                *Judgment affirmed.*