# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF ILLINOIS.

---

THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellant, *vs.* THE BOARD OF REVIEW OF COOK COUNTY, Appellee.

*Opinion filed June 16, 1914.*

1. TAXES—*what property is subject to taxation under the general Revenue act.* The property subject to taxation under the general Revenue act is such as has a situs in this State.

2. SAME—*general Revenue act does not authorize taxing net receipts of insurance company not on hand April 1.* The general Revenue act authorizes the listing and taxation of such part of the net receipts of a foreign casualty company as is on hand or in the banks of the county on April 1, but does not authorize the taxation of net receipts which may have been absorbed by losses or transmitted to the home office of the company in another State before April 1.

3. INSURANCE—*purpose of act of May 1, 1879.* The purpose of the act of May 1, 1879, was to extend the provisions of the act of 1869 governing fire, marine and inland navigation insurance companies so that its conditions and requirements with reference to engaging in business in Illinois should apply to all insurance companies, other than life, desiring to do business in Illinois, but it was not intended to subject them to all the provisions of the law governing fire, marine and inland navigation companies, including the liability of their net receipts to taxation.

4. SAME—*net receipts of foreign casualty insurance company are not subject to taxation.* The yearly net receipts of the local

agencies of a foreign casualty company are not subject to taxation in Illinois, as there is no statute which in clear and unambiguous language provides for such a tax.

5. STATUTES—*a statute authorizing a special tax is construed most strongly against the State.* The language of a statute will not be extended beyond its clear import in order to subject particular property to a tax, and in case of doubt the statute will be construed most strongly against the State and in favor of the citizen.

AUDITOR's certificate of appeal to review the decision of the board of review of Cook county.

MILLER, GORHAM & WALES, and HENRY RUSSELL PLATT, for appellant.

DENNIS W. SULLIVAN, (HENRY HORNER, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

On April 16, 1913, appellant, the Fidelity and Casualty Company of New York, incorporated under the laws of that State, filed with the board of assessors of Cook county a sworn schedule showing that on the first day of April, 1913, appellant had personal property in Cook county of the fair cash value of $29,278.33. Upon receipt of said schedule said board of assessors ordered appellant to show cause why it should not be assessed upon the net receipts of its agency in Cook county for the year next preceding April 1, 1913. Upon a hearing of said order to show cause the board of assessors of Cook county demanded appellant, by its general agents at Chicago, to return to the board of assessors the amount of the net receipts of said agency for the year next preceding April 1, 1913, that said amount might be entered on the tax lists of said county of Cook for the purpose of taxation. The board of assessors stated that unless a schedule of appellant's net receipts was filed appellant would be assessed upon the full amount of its net receipts as estimated by the board and a penalty of fifty

per cent added thereto. This demand was complied with under protest and a return made showing the amount of the net receipts for the stated time to be $559,824.50, said net receipts being made up from business commonly known as accident insurance, health insurance, liability insurance, fidelity insurance, surety insurance, plate glass insurance, steam boiler insurance, burglary insurance and fly-wheel insurance, and no part of said receipts arose or was made up from life, fire, marine or inland navigation insurance. This return of the net receipts by the Chicago general agents of appellant was made under protest that the agency was not required by law to make the return, but made the same at the express direction and demand of the board of assessors and for the purpose of a test case, and upon the threat that if such return was not made appellant and other companies doing a like business, and not being either life, fire, marine or inland navigation insurance corporations, would be assessed upon the estimated full amount of their net receipts and a penalty of fifty per cent added. Thereafter the board of assessors assessed appellant upon the amount furnished by its Chicago agency as the amount of its net receipts for the year next preceding April 1, 1913. Appellant in due time filed with the board of review of said county its complaint, in writing, of the action of the board of assessors. Upon a hearing the board of review confirmed the action of the board of assessors, and held the net receipts derived from each of the nine kinds of insurance before enumerated, which make up the grand total of $559,824.50 as the net receipts for the year next preceding April 1, 1913, as subject to taxation. An appeal from this finding was taken by appellant and a statement of the facts in the case made by the clerk of the board of review and transmitted to the Auditor of Public Accounts, who has, under clause 4 of paragraph 329 of chapter 120 of Hurd's Statutes of 1911, transmitted the cause to this court for determination.

Appellant contends that the assessment of the net receipts of the Chicago agency by the board of assessors was without warrant of law, that such net receipts are exempt from taxation, and that the board of review erred in affirming the action of the board of assessors.

The property subject to taxation under the general Revenue act is such as has a *situs* in this State. The net receipts of appellant in Cook county for the year previous to April 1, 1913, which were on hand or in banks there on that day, were taxable under the Revenue act and were scheduled. No authority is conferred by that act to tax the net receipts of appellant which may have been absorbed by losses or transmitted to the home office of the appellant in the State of New York before April 1, 1913. If property of the character here sought to be subjected to taxation is liable, authority to tax it must be found elsewhere than in the Revenue act. Appellant is not engaged in fire, marine or inland navigation insurance. It is what is generally known as a casualty insurance corporation. Its business is accident insurance, health insurance, liability insurance, fidelity insurance, surety insurance, plate glass insurance, steam boiler insurance, burglary insurance and fly-wheel insurance.

In 1869 the legislature passed "An act to incorporate and govern fire, marine and inland navigation insurance companies doing business in the State of Illinois." (Hurd's Stat. 1911, p. 1313.) Section 30 of that act was slightly amended in 1879 in phraseology but not in meaning. As amended it reads: "Every agent of any insurance company, incorporated by the authority of any other State or government, shall return to the proper officer of the county, town or municipality in which the agency is established, in the month of May, annually, the amount of the net receipts of such agency for the preceding year, which shall be entered on the tax lists of the county, town and municipality, and subject to the same rate of taxation,

for all purposes,—State, county, town and municipal,—that other personal property is subject to at the place where located; said tax to be in lieu of all town and municipal licenses; and all laws and parts of laws inconsistent herewith are hereby repealed: *Provided,* that the provisions of this section shall not be construed to prohibit cities having an organized fire department from levying a tax, or license fee, not exceeding two per cent, in accordance with the provisions of their respective charters, on the gross receipts of such agency, to be applied exclusively to the support of the fire department of such city."

The act of 1869 does not purport to apply to any insurance corporations except such as are engaged in fire, marine and inland navigation insurance, and we do not understand appellee to claim that section 30 authorized the assessment and taxation of the net receipts of any insurance companies except such as are engaged in these lines of insurance. The position of appellee is, that section 30 of the act of 1869 must be considered together with an act approved May 1, 1879, in force July 1, 1879. That act is entitled "An act to compel all insurance companies of other States and countries, doing any kind of insurance business in this State, other than life, to comply with the general fire and marine insurance laws of this State, and to require deposits of plate glass, accident and steam boiler insurance companies." (Hurd's Stat. 1911, p. 1309.) It consists of one section, and reads as follows: "That every insurance company, or association incorporated by or organized under the laws of any other State, or any foreign government must comply with the requirements of the general insurance laws of this State, governing fire, marine, and inland navigation insurance companies, doing business in the State of Illinois, before it shall be lawful for such company or association to take risks or transact any kind of insurance business in this State, other than that of life insurance, and such companies or associations, and all persons acting as

agents thereof, shall be subject to the same penalties pre-
scribed therein for a violation of any of the provisions
thereof: *Provided,* that no plate glass, accident or steam
boiler insurance company shall be required to have a larger
capital than $100,000 actually paid up, nor shall any such
company be authorized to transact business in this State
without having previously deposited with the State Treas-
urer of this State, or with the chief financial officer or com-
missioner of insurance of the State, where such company is
organized, securities, duly assigned to such officers, in trust
for the benefit of all its policyholders, the market value of
which shall at all times be equal to $100,000. Said deposit
shall consist of such like securities, as fire insurance com-
panies are by the general insurance laws of this State au-
thorized to invest in."

Appellee contends that the act of 1879 broadened sec-
tion 30 of the act of 1869 and makes taxable the net re-
ceipts of all foreign insurance companies doing business in
this State except life insurance companies, no matter what
the character of the insurance. It is insisted that the act
of 1879 subjected appellant to all the requirements of the
law governing foreign fire, marine and inland navigation
insurance companies doing business in this State, including
the liability of its net receipts to taxation. We do not so
construe the act of 1879. Prior to the passage of that act
there was no law in this State for the government of casu-
alty insurance companies organized under the laws of an-
other State and doing business in this State. The act of
1869 provided for the organization and government of fire,
marine and inland navigation insurance companies organ-
ized under the laws of this State and also for the govern-
ment of similar insurance companies organized under the
laws of other States, and prescribed requirements necessary
to be complied with by such foreign corporations as a con-
dition precedent to their right to do business in this State.
As we understand the act of 1879, its purpose was to ex-

tend the provisions of the act governing fire, marine and inland navigation insurance companies, so that its conditions and requirements should apply to all insurance companies, other than life, as a condition precedent to their right to do business in this State. The act of 1879 provides that every insurance company organized under the laws of another State must comply with the requirements of the general insurance laws governing fire, marine and inland navigation insurance companies doing business in this State "before it shall be lawful" for such company to transact business in this State, and all insurance companies are made subject to the penalties prescribed in the act governing fire, marine and inland navigation insurance companies for a violation of that act. Casualty insurance companies applying for permission to do business in this State could not comply with section 30 of the act of 1869 before being authorized to do business in this State. The act of 1879 was broad enough to extend the provisions of the act of 1869 relating to the requirements to be complied with by foreign insurance companies seeking to do business in this State to such insurance companies as appellant. The payment of a tax on net receipts was not and could not be a condition precedent to the right to do business, and we do not think it a reasonable construction to hold that because fire, marine and inland navigation insurance companies were required by the act of 1869 to pay taxes on their net receipts, the mere extension of the requirements of that act as conditions precedent to the right to do business in this State subjected the net receipts of other insurance companies such as appellant to taxation. It seems to us clear that in the passage of the act of 1879 the legislature was dealing only with the conditions upon which it would admit other foreign insurance companies than those doing fire, marine or inland navigation insurance to do business in this State. It was undoubtedly within the province of the legislature to have required foreign insur-

264 – 2

ance companies like appellant to pay taxes on their net receipts, but in our opinion it did not do so. Net receipts of foreign insurance companies not being taxable under the general Revenue act, the authority to impose such tax, which is in the nature of a special tax, must be found in some other act in clear and unambiguous language. If there is any doubt whether the language of an act was intended to authorize the taxation of certain property, the language of the act will not be extended beyond its clear import in order to make the property subject to the tax. In case of doubt such statutes are construed most strongly against the government and in favor of the citizen. *People* v. *Griffith,* 245 Ill. 532; *Hopkins* v. *People,* 174 id. 416; *United States* v. *Wigglesworth,* 2 Story, 369; *Hartranft* v. *Wiegmann,* 121 U. S. 609; *Eidman* v. *Martinez,* 184 id. 578.

The construction we have placed upon the act of 1879 appears to us to be strengthened by the fact that in 1899 the legislature passed an act containing nineteen sections for the incorporation and government of casualty insurance companies, whether organized in this State or in a foreign State, and providing conditions that must be complied with by casualty insurance companies organized under laws of other States before they will be permitted to transact business in this State. That act contains a repealing clause repealing all acts and parts of acts inconsistent with it, and appellant contends it repealed the act of 1879. There is force in this position, but whether it does or not is not material to the determination of this case in our view of the act of 1879. The act of 1899 contains no provision for taxing the net receipts of such insurance companies as appellant. There may be no valid reason why the net receipts of casualty insurance companies should not be taxed the same as the net receipts of fire, marine and inland navigation insurance companies, but that is a question for the legislature and not for the courts.

The order of the board of review confirming the assessment of the net receipts of appellant is reversed and the assessment annulled and set aside.

*Assessment annulled and set aside.*