LAY *v.* SHORES, PRESIDENT OF BOARD OF SUPERVISORS, ET AL.

[72 South. 881.]

COUNTIES. *Road bonds. Notice. For three weeks next preceding.*
   Notice by a board of supervisors of its intention to issue bonds of
   a road district, was not published as required by Laws 1910,
   chapter 149, section 2, which requires that the notice shall be
   published for "three weeks next preceding the meeting at which
   the board proposes to issue bonds," where more than one week
   intervened between the last publication and the day fixed for
   the proposed action of the board, although notice was published
   for three consecutive weeks.

APPEAL from the chancery court of Tallahatchie county.
HON. JOE A. MAY, Chancellor.

Suit by J. H. Lay against J. A. Shores president of
board of supervisors and others. From a decree for re-
spondents, complainant appeals.

Appellant instituted a suit in chancery to enjoin the
appellees from acting in their official capacity in issuing,
executing, and delivering bonds of a road district of Talla-
hatchie county, composed of supervisors' districts Nos. 4
and 5 of said county. From a decree sustaining a demur-
rer to the bill, this appeal is prosecuted.

*Gary & Rice,* for appellant.

*A. E. Weinstain, W. R. Woods* and *J. M. Kuykendall,*
for appellees.

COOK, P. J., delivered the opinion of the court.

It is our opinion that all of the assignments of error
save one are totally without merit. The record shows, that
the notice given by the board of supervisors of their inten-
tion to issue the bonds in question did not measure up to
the requirements of the statute. The notice required in
this case is prescribed by section 2 of chapter 149, Laws
of 1910. The notice in this case was published in three

issues of the Tallahatchie Herald, a weekly newspaper of the county. The first publication was on May 4, 1916, the second, on May 11th, and the third, on May 18th. The notice was to the effect that the board of supervisors proposed to issue bonds to the amount of two hundred thousand dollars at its regular meeting on June 5th, if twenty per centum of the qualified electors did not, in the meantime, petition against the issuance of the bonds. It thus appears that the notice was not published for the time required by the statute. The statute requires the notice shall be published "for three weeks next preceding the meeting at which the board proposes to issue such bonds." The notice for the three weeks nearest to the time the board of supervisors proposed to issue the bonds was not given—more than one week intervened between the last publication and the day fixed for the proposed action of the board. This complication could have been avoided by the legislature, but we are not permitted to inquire the reasons prompting the legislature to require the publication of the notice "for three weeks *next* preceding the meeting"—we know that it is so, and the record shows that the notice does not square with the legislative requirement.

*Reversed and remanded.*