(No. 20299.— )
THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
ANNA L. SEARS, Appellant.

*Opinion filed April 23, 1931.*

CUTTING, MOORE & SIDLEY, (CHARLES S. CUTTING, J. DWIGHT DICKERSON, EDWIN C. AUSTIN, CARLETON BLUNT, and ROBERT N. HOLT, of counsel,) for appellant.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, HAYDEN N. BELL, ROSS C. HALL, HARRIS F. WILLIAMS, LOUIS H. GEIMAN, PAUL J. DONOVAN, HIRAM T. GILBERT, and MONTGOMERY S. WINNING, for appellee.

Per CURIAM: Richard W. Sears, a resident of Lake county, Illinois, died in September, 1914, leaving a large estate. His personal property was appraised, for the purpose of ascertaining the inheritance tax, at nearly $13,000,000. By his will, which was duly admitted to record, he gave all his property to his widow, Anna L. Sears, and also nominated her as executrix. The subject matter of the litigation which has resulted in this appeal is a claim of the State for taxes on the personal property of Sears alleged to have been omitted from assessment, in his lifetime, for the years 1907 to 1912, inclusive. The appeal is by Mrs. Sears, individually and as executrix, from a decree of the circuit court of Lake county rendered upon a bill in chancery in the name of the People. By this decree the property received under the will was charged with a lien for the payment of taxes found to be due on Sears' property omitted from assessment during the years stated.

Sears was a resident of the village of Oak Park, in Cook county, on the first day of April in each of the years for which taxes are claimed in this proceeding except 1912. He removed from Oak Park to Lake county in 1912. An assessment of personal property was made against him by the assessor of the town of Oak Park in each of those years,

except 1912, upon which taxes were extended, and he paid in his lifetime the taxes so extended. From 1912 until his death he was a resident of Lake county, and this proceeding does not concern any taxes during that time or in that county. The bill was filed originally in the circuit court of Cook county but the venue was changed to Lake county, and Mrs. Sears answered, both individually and as executrix. The appellant resists the collection of the taxes on the ground that at the time Sears died no liability existed for the payment of taxes of any decedent which had been omitted from assessment during his lifetime. If this contention is correct it will not be necessary for us to consider any of the other points raised.

The liability of the owner of property for the payment of taxes is purely statutory. The law is well settled that the legislative power of a State to provide for the levy and collection of taxes is unlimited, except as restricted by the State and Federal constitutions. (*Chambers* v. *People,* 113 Ill. 509.) The obligation of the citizen to pay taxes is purely a statutory creation, and taxes can be levied, assessed and collected only in the mode pointed out by express statute. (Cooley on Taxation,—2d ed.—p. 15.) The Revenue act of 1872 provided for the assessment of real or personal property which had been omitted in the assessment of any year and the placing of it on the assessment and tax books. The provisions for such assessments are contained in sections 276, 277 and 278 of chapter 120 (Cahill's Stat. 1929, secs. 291, 292, 293,) and are as follows:

"Sec. 276. If any real or personal property shall be omitted in the assessment of any year or number of years, or the tax thereon, for which such property was liable, from any cause has not been paid, or if any such property, by reason of defective description or assessment thereof, shall fail to pay taxes for any year or years, in either case the same, when discovered, shall be listed and assessed by the assessor and placed on the assessment and tax books. The

arrearages of tax which might have been assessed, with ten per cent interest thereon, from the time the same ought to have been paid, shall be charged against such property by the county clerk. It shall be the duty of county clerks to add uncollected personal property tax to the tax of any subsequent year, whenever they may find the person owing such uncollected tax assessed for any subsequent year.

"Sec. 277. If the tax or assessment on property liable to taxation is prevented from being collected for any year or years, by reason of any erroneous proceeding or other cause, the amount of such tax or assessment which such property should have paid may be added to the tax on such property for any subsequent year, in separate columns designating the year or years.

"Sec. 278. No such charge for tax and interest for previous years, as provided for in the preceding section, shall be made against any property prior to the date of ownership of the person owning such property at the time the liability for such omitted tax was first ascertained: *Provided,* that the owner of property, if known, assessed under this and the preceding section, shall be notified by the assessor or clerk, as the case may require."

The statute thus provided for the assessment of omitted property. During Sears' lifetime none of the omitted property was assessed, therefore no liability existed against Sears in his lifetime for any omitted taxes. He had paid all the taxes assessed against him. None of the property involved in this suit which he owned at the time of his death had ever been assessed. Section 276 provided for the assessment of omitted property when discovered, and required the county clerk to add uncollected personal property taxes to the taxes of any subsequent year whenever he should find the person owing such uncollected tax assessed for any subsequent year. Its provisions clearly apply only to the omitted property of a living person, as it would obviously be impossible for the county clerk to find and tax a person who

was dead. Section 277 makes no reference to an omitted tax but refers merely to uncollected taxes. This court in *People* v. *National Box Co.* 248 Ill. 141, held that section 277 "deals only with a tax which had been already levied and had not for some reason been collected." This section, therefore, has no bearing upon the question of omitted taxes, and would only have applied if Sears had failed to pay taxes levied against him, which is not true in this case. Section 278 provides that "no such charge for tax and interest * * * shall be made against any property prior to the date of ownership of the person owning such property at the time the liability for such omitted tax was first ascertained," etc.

The liability for such omitted tax was not ascertained during the lifetime of Sears, who died in September, 1914. The assessments for omitted taxes are for the years 1907 to 1912, both inclusive. The petition for assessment of omitted personal property of decedent was not presented to the board of review of Cook county until September, 1915, and the assessments now in question were not made by the board until September, 1916. At the death of Sears, in 1914, there was a change of ownership. His will gave all his property to his widow at the instant of his death, subject only to the payment of his debts. There was no tax debt at that time, because during his lifetime there had been no assessment for omitted taxes. After his death and the change of ownership to his widow any charge against the property for taxes and interest for previous years was expressly prohibited by section 278. If there is any doubt whether the sections in question authorized a charge for taxes against the legatee on account of property omitted from assessment by a deceased owner and devised by him, the language of the statute cannot be extended beyond its clear import to make the property subject to the taxation. Such statutes imposing a tax, in case of doubt, are construed most strongly against the government and in favor of the

citizen. (*Fidelity and Casualty Co.* v. *Board of Review,* 264 Ill. 11; *People* v. *Barrett,* 309 id. 53.) There could be no valid subsequent assessment, for the reason that the statute expressly prohibited an assessment after a change of ownership. While the executrix held the legal title the sole beneficial ownership was in the legatee or heir. If Sears had transferred all of his money and personal property to another in his lifetime there would have been a change of ownership, which under the express terms of section 278 would have prevented any charge against the property for taxes or interest of previous years. He did make a transfer by his will, which had the same effect at the moment of his death as a transfer by a grant and delivery of possession would have had in his lifetime. The fact that the new owner of his property was his widow made her position no different from that of a stranger, as no exceptions are made in section 278 to its general prohibition against the assessment of omitted property after a change of ownership.

Even if the language of section 276 were construed to authorize an assessment of omitted taxes of a decedent the provisions of section 278 would nullify the authorization. The language used in section 278 compels the conclusion that it refers to section 276. Section 278 provides, "No such charge for tax and interest * * * as provided in the preceding section." The only previous reference to "interest," or the duty of the clerk to "charge" it against property, is in section 276. Section 278 also refers to the "person owning such property at the time the liability for such omitted tax was first ascertained." The use of the phrase "such omitted tax" shows that section 278 referred to and qualified section 276, as that section deals with omitted taxes while section 277 does not mention omitted taxes but refers only to uncollected taxes. In *People* v. *National Box Co. supra,* this court had occasion to consider the relation of section 278 to sections 276 and 277. No question

of the assessment of omitted taxes against the estate of a deceased person was involved in that case, which had to do with corporate franchise taxes, but it was there held that notwithstanding the reference in section 278 to "the preceding section," its provisions extended not only to section 277 but also to section 276. It was there also held that the use of the word "preceding" referred not only to section 277 but also to section 276. Moreover, the ordinary definition and use of the word "preceding" does not limit its application exclusively to the section immediately preceding it, as the words "next preceding" or "immediately preceding" are generally used when such restricted application is intended. A consideration of these three sections therefore fails to reveal any authority for an assessment of omitted taxes against a decedent's estate. Neither one of them contains any reference to the property of a deceased person. No directions are contained in either section for the assessment and collection of omitted taxes, in case of a deceased person, as to whether the executor, administrator, trustee, creditors, heirs, legatees or devisees shall be proceeded against, and no method of procedure in such cases is provided.

We have had sections 276, 277 and 278 before us in several cases but in no case has it been adjudicated that under them an assessment of personal property omitted from the assessment of any year in the owner's lifetime could be made after his death. In the appellee's brief four cases are cited to sustain the statement that in numerous cases the right to make assessments of omitted property of deceased persons before 1915 had been recognized. These cases are *Gannaway* v. *Barricklow,* 203 Ill. 410, *Scott* v. *People,* 210 id. 594, *Warner* v. *Campbell,* 238 id. 630, and *Board of Education* v. *Boger,* 291 id. 191, and they do not sustain the proposition to which they are cited. In the first of them the court held that the board of review did not, in fact, make any assessment, and that the administrator, who had paid the

amount which the board had stated was due as back taxes, properly recovered that amount in an action against the treasurer. No question of the right to make an assessment was raised or decided. In the second case cited no question of the right to make an assessment was considered but the court expressly limited its opinion to the question whether the executors could be charged with a personal liability for the payment of taxes on property alleged to have been omitted from assessment in their testator's lifetime. It was decided that they were not so liable and the assessment was void. In *Warner* v. *Campbell, supra,* no question as to the power of the board of review to assess property omitted by the testator in his lifetime was raised by the parties or considered by the court. The bill was filed to enjoin the extension of taxes on an assessment of property alleged to have been omitted by the testator in his lifetime, on the ground that there had been no omission. The decree granted the injunction, based on its finding that there had been no omission, and it was affirmed. In the last case cited, the board of review of DuPage county for the year 1919 made an assessment against the personal property of William P. Cowan, who died on August 13, 1918, which it found had not been listed for assessment for the years 1914 to 1918, inclusive. The only taxes involved were the omitted taxes of 1914 to 1918. The only question mentioned or decided in the case was whether the omitted property should be assessed in the district where the decedent resided when the property was omitted from assessment, or in the district where his administrator resided on April 1, 1919, after the decedent's death. No question was made about the right of the board of review to make an assessment. In fact, the interest of all the parties was the same, so far as this question was concerned, except the administrator, and he had no interest one way or the other. He might have had an interest in the proceedings of the board making the assessment, but it was a matter of indifference to him, as administra-

tor, to which of the school districts he paid the taxes. The board of review and all the school districts believed that the assessment was within the power of the board, and therefore no question about it arose in the case or was considered or decided. The court decided simply the question submitted by the parties that the assessment, when made, should be in the district where the decedent resided when the omission occurred. It thus appears that in the cases cited by the appellee the court did not decide that the assessor or the board of review had any power to make an assessment of personal property omitted by a deceased owner in his lifetime and charge it against his executor, administrator or legatee.

What has been said thus far concerns only sections 276, 277 and 278 as they were originally enacted as a part of the general Revenue act of 1872. They continued in force without change, except by a minor amendment to section 277 not necessary to be now considered, until the Revenue act of 1898 was passed, section 35 of which provided that "the board of review shall: First, assess all property subject to assessment which shall not have been assessed by the assessors." The effect of this provision was to modify section 276 so as to take from the local assessors the power and duty of assessing property which had been omitted in the assessment of any previous year or years and imposed that duty on the boards of review of the various counties. (*People* v. *Sellars,* 179 Ill. 170.) The act of 1898 was "An act for the assessment of property and providing the means therefor, and to repeal a certain act therein named." The act repealed was an act to provide for the election of assessors in certain townships and its repeal does not concern this case. Section 55 of the act of 1898 declares that "all the provisions of the general Revenue law in force prior to the taking effect of this act shall remain in force and be applicable to the assessment of property and collection of taxes except in so far as by this act is other-

wise expressly provided." Therefore, while section 276 was modified by the transfer of the power of assessing omitted property by the local assessors to the board of review section 278 was in no way affected, and the prohibition of any assessment of omitted property subsequent to a change of ownership remained in force and continued to be in force until July 1, 1915, nearly a year after Sears' death. The Forty-ninth General Assembly amended section 35 of the act of 1898, and by this amendment, which became effective July 1, 1915, for the first time provided for an assessment, after his death, against property omitted from assessment by the owner in his lifetime, the assessment to be made in the name of the decedent's personal representative, the amount of the tax, when ascertained, to be made a claim of the first class against his estate by the proceedings provided for by the amended section.

This amendment has no application to this case unless it is given effect retroactively to create a cause of action which had no existence at the time of Sears' death. While the appellee contends that under sections 276, 277 and 278 and original section 35 an assessment could be made against the estate and Mrs. Sears, we hold that those sections do not authorize such an assessment. When a statute is amended "so as to read as follows," as in the case of this amendment, the amendment has no retroactive force. The part of the original act which remains unchanged is considered as having continued in force as the law from the time of its original enactment and the new portion as having become the law only at the time of the amendment. (Potter's Dwarris on Stat. Const. 165; *City of Anderson* v. *O'Donnell*, 29 S. C. 355; *Allison* v. *Hatton*, 46 Ore. 370; *Matter of Prince*, 136 N. Y. 355.) The provisions for the assessment of real or personal property omitted from taxation by a decedent during his lifetime are all contained in the second and third paragraphs of this amendment and must be considered as having become the law

on July 1, 1915, and afforded no basis for the attempt of the board of review to assess the property omitted by Sears in his lifetime against Mrs. Sears, either as his legatee or the executrix of his will. The moment he died her rights under his will attached. Her title was then vested, and no change in the law thereafter made could disturb such vested rights. (*Rowlett* v. *Moore,* 252 Ill. 436.) The title to all his property was vested in her, subject to his debts. Since there could be no tax without an assessment there was no debt, and since section 278 prohibited any assessment against the property prior to the date of her ownership there never could be any assessment or any debt. "The moment the testator or intestate dies then the rights of the devisees or heirs attach at once, for the title is then already vested, and any change in the law after that could not affect such vested rights." (*Sturgis* v. *Ewing,* 18 Ill. 176.) Mrs. Sears from the death of her husband was the sole and absolute beneficial owner of all the property which he owned at his death, subject only to the payment of his lawful debts. It was not within the power of the State thereafter, by mere legislation, to impose upon her any additional obligation or to create any charge against her property. To do so would be a taking of her property without due process of law. The legislature has the undoubted right to repeal all legislative acts which are not in the nature of contracts or private grants, but the repeal of a law cannot affect or impair rights which have been acquired under it. So of the adoption of a new law. It can have no retrospective operation so far as vested rights are concerned. Statutes are not to be given a retrospective operation except where it is manifest the legislature intended they should have such operation, and it is not competent even for the legislature to give such operation to an act where it will affect existing vested rights. *Dobbins* v. *First Nat. Bank,* 112 Ill. 553.

Since the statute at the time of the death of the decedent made no provision for the assessment after his death of personal property which he had owned but which had been omitted from assessment in his lifetime in various years, as claimed by the bill, the decree of the circuit court is without foundation in the law for its support. As a result of this conclusion it is not necessary for us to consider any of the other questions raised by counsel.

For the reasons given the decree is reversed.

*Decree reversed.*