78 So.2d 303

Cathleen WINNING

v.

James WINNING.

6 Div. 619.

Supreme Court of Alabama.

Jan. 20, 1955.

Rehearing Denied March 10, 1955.

Copeland & Copeland, Gadsden, for appellee.

Lange, Simpson, Robinson & Somerville, and Jack B. Porterfield, Birmingham, for appellant.

MAYFIELD, Justice.

A decree of divorcement was rendered on the 18th day of May, 1953, dissolving the bonds of matrimony then existing between the complainant James Winning and the respondent Cathleen Winning. The respondent filed her appeal and is the appellant here.

The complaint charged voluntary abandonment. The appellant, Cathleen Winning, denied the allegation. The decree

further provided that the care, custody and control of the twin children of the parties be awarded to the respondent-appellant, with the right of reasonable visitation to the father, the appellee. And, further provided that the complainant pay the respondent the sum of $60 every "two-weeks' pay day" for the alimony, support and maintenance of herself and children, and that the complainant-appellee pay a reasonable solicitor's fee.

The appellant first met the appellee sometime during the month of September, 1942, while he was an officer in the Army and stationed at Camp Forrest, Tennessee. The appellant was also employed at Camp Forrest as a physiotherapist technician. After a brief courtship, they were married at Camp Forrest, Tennessee, on January 3, 1943. During the fifteen months between their marriage and his departure for overseas, the appellant followed the appellee from station to station, whenever she was able to obtain quarters nearby. The evidence is clear that both parties were happy in their marriage relationship at the time appellee departed for overseas in March, 1944. On November 3, 1944, while the appellee was overseas, their union was blessed with twin daughters.

In October, 1944, the appellant was returned to the United States and was separated from the Service on December 30, 1945.

The contending parties presented much evidence which the learned trial Judge heard ore tenus. No useful purpose would be served by discussing this testimony in detail; however, let it be said that much of it centered around whether or not the appellant left the appellee without just cause. As is usual in such cases, some of the testimony presented to the Chancellor was of a delicate and intimate nature.

█ We have often said that we would not set aside the decree of the lower court unless it is clearly shown to be palpably wrong. Sills v. Sills, 246 Ala. 165, 19 So.2d 521; Reach v. Reach, 249 Ala. 102, 29 So.2d 676; White v. White, 246 Ala. 507, 21 So.2d 436; Wilson v. Wilson, 257 Ala. 135, 136,

57 So.2d 519; Cairnes v. Cairnes, 211 Ala. 342, 100 So. 317.

The evidence would indicate that the appellant abandoned the appellee without just cause in the month of October, 1948. One of the principal points most strenuously urged and argued by the appellant, as a defense to this action, is that she made a bona fide offer of reconciliation to the appellee in June, 1952, some three and three-quarter years later. This offer of reconciliation, which she claims was made in good faith, was by a letter which was introduced into evidence.

The record shows that the appellee, on several different occasions, urged the appellant to obtain a divorce. Soon after receipt of this letter, in June 1952, appellee secured counsel and instituted divorce proceedings. Counsel for the appellant urges that the appellant's offer to resume marital relations some three and three-quarter years after her abandonment of the appellee is a bar to divorce.

Title 34, Sect. 20, Subsec. 3, as amended, Code of Alabama, 1940, Vol. Six, Pocket Part. The circuit court in equity has power to divorce persons from the bonds of matrimony, upon bill filed by the aggrieved party, for the cause following: " * * * 3. For voluntary abandonment from bed and board for one year next preceding the filing of the bill."

The Alabama Code of 1852, page 378, Tit. 5, Sect. 1961, was substantially as follows: "The court of chancery has power to divorce persons from the bonds of matrimony, upon bill filed in chancery by the aggrieved party, for the causes following: * * * 3. For voluntary abandonment from bed and board, for three years next preceding the filing of the bill."

In January 1857, the court held in the case of Hanberry v. Hanberry, 29 Ala. 719, 721:

"But, notwithstanding the wife may have left her husband without adequate cause, and come to Alabama, leaving him in South Carolina, it would be his duty to receive her back, upon an offer

by her in good faith to return to her conjugal duty, at any time before her desertion had continued so long as to constitute a cause of action for a divorce. Even though the wife has left the husband without cause, yet, if she returns to him, and in good faith makes a sincere offer, without improper qualifications or conditions, to resume conjugal relations, it is his duty to accept her; and if he refuses, the refusal amounts to desertion, and, after the expiration of the period prescribed in the statute, may become the ground for a divorce. * * *

"Perhaps the same principle would not extend to cases where the wife's absence has been under such circumstances, and for so long a time, as to entitle the husband to a divorce, for it would probably be incompetent for either party to destroy a subsisting and complete right to a divorce on account of abandonment, by an offer to resume the conjugal relation. This question, not arising in the case, we do not intend to decide."

27 C.J.S., Divorce, § 38, p. 578: "An offer of reconciliation by a guilty spouse must be made before the expiration of the statutory period, that is, before the other party's right to a divorce has accrued, in order to deprive the innocent spouse of the right to a divorce, * * *."

19 C.J., Divorce, § 125, p. 67: "An offer of reconciliation by a guilty spouse must be made before the expiration of the statutory period in order to deprive the innocent spouse of the right to a divorce."

17 Am.Jur., Divorce and Separation, § 114, p. 211: "Time of Making Offer.— Where one spouse has been guilty of a legal desertion, it seems well settled that he or she, in order to deprive the other of the right to a divorce, must make the overtures for a reconciliation before the statutory period has elapsed and the right of the deserted spouse to a divorce has accrued. Overtures after such right has accrued are ineffectual to deprive the deserted spouse of his or her right to a divorce."

Lundy v. Lundy, 23 Ariz. 213, 202 P. 809, 813:

" 'Where one spouse has been guilty of a legal desertion, it seems well settled that he or she, in order to deprive the other of the right to a divorce, must make the overtures for a reconciliation before the statutory period has elapsed and the right of the deserted spouse to a divorce has accrued. Overtures after such right has accrued are ineffectual to deprive the deserted spouse of his or her right to a divorce.' "

Anders v. Anders, 153 Fla. 54, 13 So.2d 603, 604:

"Once the statutory ground for divorce because of desertion has occurred, the right to divorce becomes vested and it cannot be taken from the injured party * * *."

The appellant's distinguished counsel strenuously urges that in order to obtain a divorce for voluntary abandonment under our present statute, it must be affirmatively shown that the abandonment was continuous for a period of one year "next preceding the filing of the bill". And, that appellant's bona fide offer to resume marital relations with the appellee within the year "next preceding the filing of the bill" destroyed his vested right to a divorce, if in fact such right had actually become vested.

True, "next preceding" means the year nearest to the time of the filing of the bill. Lay v. Shores, 112 Miss. 140, 72 So. 881; People v. Sears, 344 Ill. 189, 176 N.E. 273. This does not mean, however, that when a husband or a wife has abandoned his or her spouse for the statutory period, that the aggrieved party has to take the offending spouse back merely because he or she has had a change of heart. Once the abandonment is complete for the statutory period prescribed by the statute, the aggrieved party is under no duty to resume marital relations from the offer of the offending party or lose his or her grounds for divorce.

The New Jersey Court, under a similar statute, dealt with such a situation in the

case of Gordon v. Gordon, 89 N.J. Eq. 535, 105 A. 242, 244:

" * * * when the two-year period has once elapsed, the desertion becomes permanently established, and its character continues until the filing of the petition, unless it is sooner brought to an end by the act of the injured husband or wife. * * * But, if he or she * * * persists in the desertion for the full period of two years, the right to return has gone, the hour of repentance has passed, the benefit given by the statute to the spouse offended against has become vested, and he, or she, can never thereafter be deprived of that benefit—of his or her right to a divorce—except by his or her own act. * * *"

The decree of the lower court is due to be, and is, affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.