109 So.2d 703

Edwon Lee COX

v.

Stella Culver COX.

7 Div. 402.

Supreme Court of Alabama.

Feb. 19, 1959.

Pope L. Moseley, Sylacauga, for appellant.

Otis R. Burton, Jr., Talladega, for appellee.

STAKELY, Justice.

This is an appeal from a decree of the equity court sustaining the demurrer to a bill in equity. The bill was filed by Edwon Lee Cox (appellant) against Stella Culver Cox (appellee) for a divorce on the ground of voluntary abandonment. Stella Culver Cox being insane was represented by a guardian ad litem appointed by the court.

We quote the allegations of the bill as follows:

"4. And your Complainant further avers that the Respondent while sane, voluntarily abandoned the Complain-

ant in Talladega County on or about April 1, 1953, and since that time she has lived separate and apart from the Complainant. The Complainant further avers that the Respondent became insane on or about February 1, 1954, and was confined to Bryce Hospital on or about February 19, 1954, where she remained for a period of approximately one year; and at the end of that time, she regained and kept her sanity for a period of five and a half months during which time she voluntarily lived separate and apart from the Complainant, and that since that time she has been and is still insane. * * *."

Section 20, Title 34, Code of 1940, 1955 Cumulative Pocket Part, provides in pertinent part as follows:

"The circuit court in equity has power to divorce persons from the bonds of matrimony, upon bill filed by the aggrieved party, for the causes following: * * *

"3. For voluntary abandonment from bed and board for one year next preceding the filing of the bill."

In Knabe v. Berman, 234 Ala. 433, 175 So. 354, 355, 111 A.L.R. 864, this court said:

"It is of course well understood that when a ground of divorce is dependent upon the voluntary act or omission of a spouse, that ground can not exist if he is insane. Wray v. Wray, 19 Ala. 522. * * *."

█ Accordingly the abandonment must continue willful or intentional for the full statutory period. An insane person cannot be said to have or maintain such an intention. Furthermore if the insane person became sane during the statutory period, he might have repented and returned before the termination of the statutory period. 4 A.L.R. at page 1333 and authorities cited therein; 17 Amer.Jur., § 97, p. 318; Walker v. Walker, 140 Miss. 340, 105 So. 753, 42 A.L.R. 1525; 27 C.J.S. Divorce § 55, p. 597; Nelson Divorce and Annulment, Vol. i, p. 355; Hartwell v. Hartwell, 234 Mass. 250, 125 N.E. 208.

█ It is obvious from the allegations of the bill that for about ten months prior to the time the bill was filed, which was on January 29, 1958, the respondent was sane. She then became insane and was confined for about a year in the Bryce Hospital. She then regained her sanity for a period of about five and one-half months. If these two periods of sanity could be taken together, the allegations of the bill would show that since the abandonment the respondent was sane for more than one year prior to the filing of the bill.

But the statute to which we have referred expressly requires that the voluntary abandonment shall be for one year next preceding the filing of the bill. "Next preceding" has been defined by this Court to mean the year nearest to the time of the filing of the bill. Winning v. Winning, 262 Ala. 258, 78 So.2d 303. It therefore clearly appears that the respondent was insane during the year next preceding the filing of the bill. In other words, the respondent was not sane during the full year required for divorce on the ground of voluntary abandonment.

It results that the court acted correctly in sustaining the demurrer to the bill and dismissing the bill.

Affirmed.

LAWSON, MERRILL and GOODWYN, JJ., concur.