VIRGINIA KING VAUGHAN v. THOMAS BURWELL VAUGHAN, INCOM-
PETENT, AND JAMES H. LIMER, GUARDIAN FOR THOMAS BURWELL
VAUGHAN

No. 699SC156

(Filed 2 April 1969)

**1. Divorce and Alimony § 15—— incurable insanity——confinement "next preceding" beginning of divorce action**

It is not sufficient under G.S. 50-5(6) that the insane spouse was con-
fined to an institution for five consecutive years at some time prior to the
commencement of the action, the statute requiring that confinement must
be for five consecutive years "next preceding" the bringing of the action,
which means the time nearest the bringing of the action.

**2. Divorce and Alimony § 15—— incurable insanity —— five years of con-
tinuous confinement —— discharge under G.S. 122-67**

In an action for divorce on the ground of incurable insanity, defendant
husband was not confined in an institution for five years next preceding
the bringing of the action as required by G.S. 50-5(6) where, approximately
fourteen months prior to the commencement of the action, he was dis-
charged automatically from the State Hospital by the provisions of G.S.
122-67 after he remained away from the hospital on a trial basis for more
than a year, notwithstanding defendant was confined in the hospital for
more than five years prior to such discharge and was again confined when
the divorce action was begun, his confinement having been interrupted
by the statutory discharge.

APPEAL by plaintiff from *Carr, J.,* November 1968 Civil Session,
Superior Court of VANCE.

This is an action for absolute divorce upon the grounds of in-
curable insanity brought under the provisions of G.S. 50-5(6). At
the close of plaintiff's evidence, defendant's motion for judgment as
of involuntary nonsuit was granted. Plaintiff appeals.

*Sterling G. Gilliam for plaintiff appellant.*

*James H. Limer for defendant appellee.*

MORRIS, J.

The only question presented on appeal is whether the plaintiff's
evidence was sufficient to withstand motion for nonsuit.

The plaintiff and defendant were married on 3 January 1955.

On 4 May 1960 the defendant was first admitted to the John
Umstead Hospital for the treatment of mental illness, and was dis-
charged on 16 September 1960. On 16 January 1961, the defendant
was again admitted to the John Umstead Hospital for the treatment

of mental illness. During the year of 1961 the defendant was allowed on several different occasions to visit his wife on a trial basis, he was not discharged from the hospital. In April of 1962, while the defendant was released to Hubert Vaughan for a temporary visit, the plaintiff and defendant separated. They have not lived together as man and wife since. The defendant was next returned to the hospital on 4 February 1963. During the period between February 1963 and July 1966, the defendant was released from the hospital to various relatives on a trial basis on several different occasions. However, during this time he was never discharged from the hospital. On 10 July 1966 the defendant was released from the hospital on a trial status and did not return until 20 February 1968. On 7 July 1967 the defendant, by the provisions of G.S. 122-67, was automatically discharged from the hospital. G.S. 122-67, in part, provides:

"When a person under hospitalization has been released on probation to his own care or to his own family, and when he is no longer under the continued care and supervision of the hospital, as in a boarding home, and when he shall have been able to remain continuously out of the hospital without returning for the period of one year, he shall be regarded as recovered from his mental illness and no longer in need of care in a mental hospital, and shall be discharged from the order of hospitalization at the next succeeding discharge date of the hospital as provided by rules of the North Carolina State Department of Mental Health."

The plaintiff began this action for divorce on 26 August 1968, five months after the defendant had returned to the hospital for the treatment of mental illness following the "statutory" discharge of 7 July 1967.

Plaintiff concedes that this divorce can only be granted under the provisions of G.S. 50-5(6). That statute, in part, provides for divorce by reason of incurable insanity as follows:

"In all cases where a husband and wife have lived separate and apart for five consecutive years, without cohabitation, and are still so living separate and apart by reason of the incurable insanity of one of them, the court may grant a decree of absolute divorce upon the petition of the sane spouse: Provided, the evidence shall show that the insane spouse is suffering from incurable insanity, and has been confined for five consecutive years next preceding the bringing of the action in an institution for the care and treatment of the mentally disordered. Provided further, that proof of incurable insanity be supported by the tes-

timony of two reputable physicians, one of whom shall be a staff member or the superintendent of the institution where the insane spouse is confined, and one regularly practicing physician in the community wherein such husband and wife reside, who has no connection with the institution in which said insane spouse is confined; and provided further that a sworn statement signed by said staff member or said superintendent of the institution wherein the insane spouse is confined shall be admissible as evidence of the facts and opinions therein stated as to the mental status of said insane spouse and as to whether or not said insane spouse is suffering from incurable insanity, or the parties according to the laws governing depositions may take the depositions of said staff member or superintendent of the institution wherein the insane spouse is confined.

In lieu of proof of incurable insanity and confinement for five consecutive years next preceding the bringing of the action in an institution for the care and treatment of the mentally disordered prescribed in the preceding paragraph, it shall be sufficient if the evidence shall show that the allegedly insane spouse was adjudicated to be insane more than five (5) years preceding the institution of the action for divorce, that such insanity has continued without interruption since such adjudication and that such person has not been adjudicated to be sane since such adjudication of insanity; provided, further, proof of incurable insanity existing after the institution of the action for divorce shall be furnished by the testimony of two reputable, regularly practicing physicians, one of whom shall be a psychiatrist."

The plaintiff, as required by the above statute, has offered the testimony of two physicians which tends to show that the defendant is incurably insane. With regard to the question of confinement, the plaintiff's evidence shows that on 21 July 1966, the defendant was released from the hospital on a temporary basis, and did not return until 20 February 1968. On 7 July 1967, according to the provisions of G.S. 122-67, a discharge was entered on the books of the hospital. In *Mabry v. Mabry,* 243 N.C. 126, 90 S.E. 2d 221, our Supreme Court held that releases from the State Hospital on periods of probation did not defeat a party's right to a divorce under G.S. 50-5(6). In discussing the policy of this statute, the Court stated:

"What the State is interested in is simply this: What is the mental condition of this defendant after having been treated for five consecutive years for his mental disorder? Certainly, by the use of the word 'confined' in the statute, the Legislature

did not contemplate such confinement as would require an inmate to be at all times under lock and key. Moreover, this defendant has been at all times, since 14 June, 1949, in the actual or constructive custody of the State Hospital. *He has never been discharged."* (Emphasis added.)

In the final paragraph of the *Mabry* case, the Court concluded "that the periods of probation were permissible under the above statute as well as under G.S. 122-67, and may be deemed not to have constituted an interruption of the confinement or a discharge from the hospital within the meaning of these statutes."

In *Mabry,* the defendant was released on probation on two different occasions: once for a period of ten days and another for a period of six months. As noted by the Court, these releases were not of a sufficient duration to cause a discharge under G.S. 122-67. In the present case, there has been a recent release for a period exceeding one year; therefore, under G.S. 122-67, the defendant received a discharge approximately fourteen months prior to the bringing of this action.

**[1, 2]** The plaintiff earnestly contends that the intent of the legislature was to make it possible for a spouse to obtain a divorce when the defendant has been confined to a hospital as an insane person for five years prior to the bringing of the divorce action, and did not intend that such confinement must be for the five years next preceding the institution of the action. She also contends that the discharge provided by G.S. 122-67 is not such a discharge as would so interrupt the confinement in this case as to prevent the maintaining of this action. G.S. 50-5 is not ambiguous. It provides that the confinement must be for "five consecutive years *next preceding* the bringing of the action." (Emphasis added.) The words "next preceding" have been held to mean the time nearest to the bringing of the action. *Winning v. Winning,* 262 Ala. 258, 78 So. 2d 303. G.S. 122-67 provides that when a patient has been "able to remain continuously out of the hospital without returning for the period of one year, he shall be regarded as recovered from his mental illness and no longer in need of care in a mental hospital, and shall be discharged from the order of hospitalization at the next succeeding discharge date of the hospital as provided by rules of North Carolina State Department of Mental Health." Defendant's discharge was under the provisions of this statute. Such a discharge is not the probationary visitation period discussed by the Court in *Mabry, supra.* In our view, defendant's discharge on 7 July 1967 under G.S. 122-67 terminated his confinement and he was, therefore, not confined for

five years next preceding the institution of the action as required by G.S. 50-5(6).

In 1963 the legislature amended G.S. 50-5(6) by adding what is now the second paragraph. This second paragraph supplied an alternative means of proof of defendant's incurable insanity in an action for divorce on the grounds of incurable insanity. It is sufficient if the plaintiff proves an adjudication of insanity "more than five (5) years preceding the institution of the action for divorce," together with evidence that such insanity has continued without interruption since said adjudication and there has been no adjudication of sanity, and provided that two physicians, one a psychiatrist, testify that the incurable insanity exists after the bringing of the action. It may be that in a new action the plaintiff can bring herself within the provisions of this portion of the statute. However, in the record before us we do not have evidence sufficient to show that the defendant has ever been adjudicated insane.

For the reasons stated herein, the judgment below is

Affirmed.

CAMPBELL and BROCK, JJ., concur.