The Honorable Eric Harris State Representative Post Office Box 7602 Springdale, AR 72766-7602 Dear Representative Harris:
I am writing in response to your request for my opinion on an issue arising from the following reported facts:
We recently had a situation where a person lived in Springdale most of their life, moved away, returned to Springdale, and, after residing there for two years, applied for an appointment on the Civil Service Commission.
Against this backdrop, you have posed a question I will paraphrase as follows:
Pursuant to provisions of A.C.A. § 14-51-202(a), are civil service commissioners required to be residents of the city for more than three years immediately preceding their appointment or must they have resided in the city for a total of more than three years at any points prior to their appointment?
RESPONSE
Although the statute would benefit from legislative clarification, I believe a reviewing court would in all likelihood construe the statute as having removed by amendment what had been a previous requirement that civil service commissioners be residents of the city for more than three years immediately preceding their appointment. Although the issue is not entirely free from doubt, under A.C.A. § 14-51-202(a) as amended, I believe a commissioner need only have resided in the city he serves for more than three years at any point prior to his appointment.
Subsection 14-51-202(a) of the Arkansas Code (Repl. 1998) provides:
The commissioners shall be citizens of the State of Arkansas and residents of the city for more than three years preceding their appointments.
In construing this statute, I am guided by the following:
The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary meaning and usually accepted meaning in common language. Weiss v. McFadden,353 Ark. 868, 120 S.W.3d 545 (2003). We construe the statute so that no word is left void, superfluous, or insignificant; and meaning and effect are given to every word in the statute if possible. Ozark Gas Pipeline Corp. v. Arkansas Pub. Serv. Comm'n, 342 Ark. 591, 29 S.W.3d 730 (2000). When the language of the statute is plain and unambiguous, there is no need to resort to rules of statutory construction. Weiss v. McFadden, supra. When the meaning is not clear, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. Id.
Macsteel, Parnell Consultants v. Ar. Ok. Gas Corp., 363 Ark. 22, ___ S.W.3d ___ (2005); see also Ops. Att'y Gen. 2005-072 2004-339.
I am not persuaded that the statutory language "more than three years preceding their appointments" is ambiguous in that it might refer either to the periods immediately preceding the appointments or to the total of any period(s) of residency prior to the appointment. In the absence of a term such as "immediately" before "preceding," I believe this statute in all likelihood imposes only a requirement of residence in the city for more than three years at any point prior to the commissioner's appointment.
In addressing this issue, the legislative history of the statute bears discussion. The statute was initially enacted pursuant to Acts 1949, No. 326, § 1, which provides in pertinent part:
The Commissioners shall be citizens of the State of Arkansas and residents of the city for more than three years next preceding their appointments.
(Emphasis added.) Although the highlighted language was retained when the statute was later amended pursuant to Acts 1971, No. 166, § 1, the word "next" was dropped when the statute was yet again amended pursuant to Acts 1993, No. 206, § 3.[1] In its note in the Code summarizing the substance of the 1997 amendment, the Code Revision Commission failed altogether to mention the legislature's dropping of the term "next" from the phrase "next preceding"; instead the Commission summarized various other unrelated changes.
The somewhat awkward coinage "next preceding" is a term of art that has been used in various jurisdictions to denote a specified period immediately preceding an event at issue. See, e.g., Vaughan v. Vaughan,166 S.E.2d 530 (N.C.App. 1969); Shelton v. Lambert, 399 P.2d 467 (Okla. 1965); Winning v. Winning, 78 So.2d 303 (Ala. 1955); Cox v. Cox109 So.2d 703 (Ala. 1952). In People v. Sears, 176 N.E. 273, 275-76 (Ill. 1931), the court discussed as follows the significance of using the term "preceding" without the modifier "next" or "immediately":
The ordinary definition and use of the word "preceding" does not limit its application exclusively to the section immediately preceding it, as the words "next preceding" or "immediately preceding" are generally used when such restricted application is intended.
In my opinion, notwithstanding some uncertainty about the legislature's intent in making the sub silentio 1993 amendment that dropped the word "next," I feel constrained to interpret the unqualified remaining term as a temporal limitation requiring that a commissioner must only have resided in the city he serves for more than three years at any point prior to his appointment. I consider this reading consistent with the standard definition of "preceding" as simply meaning "that precedes; previous." Random House Webster's Unabridged Dictionary (2d ed. 1999).[2] Webster's dictionary further defines the term "precede" as meaning "to go before, as in . . . time" and lists as synonyms for the term "preceding" only the terms "foregoing, prior, former, earlier." Neither of these definitions suggests that the term "preceding" standing alone might be interpreted as meaning only a certain portion of time preceding a specified event.
I confess that this reading of the statute might be deemed inconsistent with what appears to be the subchapter's general intention to provide for civil service commissioners who are intimately familiar from the time of their appointment with the tasks they will have to undertake — an intention reflected in the requirement that they be acquainted with applicable statutes, civil rights laws, and state and federal public employment laws. Nevertheless, working from the premise that unambiguous text must be interpreted as meaning what it says, I believe the 1993 amendment dropping the word "next" from the phrase "next preceding" must be read as relaxing the previous residency requirement, notwithstanding the fact that the legislature never expressly stated an intention to do so and that the Code Revision Commission, in summarizing the substance of the 1993 amendment, apparently considered the dropping of the term "next" from the statute too insignificant to warrant mention. Although I believe accepted rules of construction dictate the reading of the statute I have offered above, legislative clarification nevertheless is warranted.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The term "next preceding" was not only contained in the pre-1993 acts but also codified in the statute. See former Ark. Stat. Ann. § 19-1601.1 (Repl. 1980).
[2] This dictionary further defines the term "precede" as meaning "to go before, as in . . . time." As synonyms for the term "preceding," this dictionary lists only the terms "foregoing, prior, former, earlier."