## Johnson v. Johnson.

*Alimony Without Divorce.*

(Decided December 17, 1914. 67 South. 400.)

1. *Husband and Wife; Separate Maintenance; Chancery Jurisdiction.*—Equity has original jurisdiction to grant alimony without divorce to a wife abandoned by her husband, or who has abandoned her husband through his fault.

2. *Same; Bill; Sufficiency.*—A bill for alimony without divorce alleging that respondent refused to allow complainant's daughter by a former marriage to live with them, as he had agreed to do before the marriage, that he falsely accused her of improper conduct, that the night before she left him, he kicked her out of bed and told her he hoped she would leave him, these being the first words he had spoken to her for more than three weeks, shows that the abandonment of the husband by the wife was due to the fault of the husband.

3. *Same.*—A bill for alimony without divorce which alleges that the wife has no property of her own, that on account of impaired health she was unable to do manual work, that the husband had failed to support her although able to do so, that he was engaged in the mercantile business as co-partner with another, from which he had a sufficient income out of which the court could decree alimony and maintenance, although not so specific as to the amount of the husband's property as it might have been, sufficiently disclosed what property the husband owned, and a method by which the income could be ascertained, as against demurrer.

APPEAL from Lamar Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Minnie Johnson against William J. Johnson for alimony without divorce. From a decree overruling demurrers to the bill, respondent appeals. Affirmed.

[Johnson v. Johnson.]

WALTER NESMITH, for appellant.

KELLY & YOUNG, for appellee.

DE GRAFFENRIED, J.—(1) In this jurisdiction chancery courts exercise original jurisdiction to award alimony, independently of a bill for divorce, to a wife who has been abandoned by her husband, and also to a wife who has abandoned her husband through the fault of the husband.—*Glover v. Glover,* 16 Ala. 440; *Murray v. Murray,* 84 Ala. 363, 4 South. 239; *Brindley v. Brindley,* 115 Ala. 474, 22 South. 448; *Brady v. Brady,* 144 Ala. 414, 39 South. 237; *Clisby v. Clisby,* 160 Ala. 572, 49 South. 445, 135 Am. St. Rep. 110.

(2) On the subject of the separation, the bill, as amended, contains the following averments: "Your oratrix avers: That, as a part of the contract of marriage between herself and respondent, he agreed to take her daughter, by a former husband, in his home with oratrix, and keep and care for her as one of his own children. That soon after the marriage, without any just cause therefor, respondent forced her said daughter to leave his home, which greatly humiliated and worried your oratrix. That respondent has accused oratrix of improper conduct with other men, and made base and vile charges against her, without any foundation therefor. That his treatment toward her continued in such an unmerciful way that it became unbearable. That on the night of June 14, 1913, before oratrix left respondent on the following day, just after he had retired, she went to the bed and sat down on the foot of the bed asked him why he treated her like he did, and that he answered her by turning his heels and kicking her out into the floor. That she got up and told him she could stand his treatment no longer. He then told her

he hoped that she would leave. That this was the first time he had spoken to her in three weeks. That when daylight came, so she could do so, she left him, and has not since returned."

If the above allegations are true, the abandonment by the wife of her husband was due to the fault of the husband.—*Murray v. Murray, supra.*

(3) 2. On the subject of alimony, the bill as amended, contains the following allegations: "Your oratrix avers that she has no property and no means of making her support, only by her daily labor, and that she is very unable to do manual labor; that her health was greatly impaired by doing the drudgery at respondent's home for him and his family of children by a former wife; that respondent is able to support her, but he has failed to do so."

"Your oratrix avers that the respondent, the said Wm. J. Johnson, is engaged in the mercantile business at Sulligent, Lamar county, Ala., as a co-partner with his brother, Son Johnson; that from said partnership he has an income out of which the court could decree alimony and maintenance."

While the above quotations do not undertake to show the value of the husband's property or the amount of the income which he derives therefrom, they do show that he owns property, viz., that he is interested as a partner in a mercantile business at Sulligent, Lamar county, and that he derives an income from such business. The value of the interest of the husband in the partnership and his income therefrom can be ascertained on a reference before the register, and an appropriate basis for fixing the alimony of complainant can thus be placed before the chancellor. The amount which should be awarded complainant can then be fixed by an appropriate decree and the complainant's right

thereto enforced under the rules declared in *Murray v. Murray, supra.* While the allegations of the bill, as amended, might well have been more specific as to the property owned by the husband, the allegations which we have above quoted show that the situation of the wife is such as to entitle her to alimony, and they also disclose what property the husband owns, and point out to the court a method whereby the value of the husband's property and his income therefrom can be ascertained. The bill, as amended, therefore, under the authorities above quoted, contains equity, and the chancellor committed no error in overruling the demurrers to the bill as amended.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.