(75 South. 333)

CROSS v. CROSS. (6 Div. 490.)

(Supreme Court of Alabama. April 26, 1917.)

HUSBAND AND WIFE ⬤⟲296—SEPARATE MAINTENANCE—SUFFICIENCY OF BILL.

A bill for alimony without divorce, alleging defendant's wrongful desertion of his wife, his ability, but failure, to support her, and her freedom from fault, *held* to state a cause of action.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1089.]

Appeal from Chancery Court, Jefferson County; A. H. Benners, Chancellor.

Bill by Mrs. Nora Cross against R. B. Cross. From a decree overruling a demurrer to the bill, respondent appeals. Affirmed.

Appellee filed this bill against the appellant, seeking alimony without divorce. The bill, in substance, discloses the following: That the complainant and respondent are each over the age of 21 years, and residents of Jefferson county, Ala.; that they were married to each other January 31, 1916, in Jefferson county, and lived together as man and wife until October 3, 1916. Paragraph 2 of the bill reads as follows:

"That respondent on the 3d day of October, 1916, voluntarily abandoned from bed and board your oratrix, and your oratrix further avers that respondent made no arrangement or plans in any way for the support or maintenance of your oratrix."

In the fourth paragraph of the bill it is again averred that the respondent voluntarily abandoned the bed and board of the complainant, and that he notified the grocery stores and other places where she was accustomed to trade on account that he would not pay for anything charged to him, unless given on his written order. It is further averred that he has never given her any such order; "neither has he given her any money; neither has he made any arrangements for her support and maintenance." Complainant alleges in the fifth paragraph of the bill that respondent is well able to support her, setting forth real estate owned by him, together with its value, and also that he owns considerable personal property.

In the sixth paragraph it is averred:

"That respondent absolutely refuses to perform his duties to plaintiff, which constitute the grievance of this bill."

Complainant further alleges in her bill that she is a good and faithful wife, dutiful and considerate. The prayer in the bill is for alimony, etc., and also for general relief. Respondent demurred to the bill on the following grounds: (1) There is no equity in the bill; (2) said bill does not show that the complainant is entitled to the relief prayed for; (3) said bill fails to show that the respondent has ever failed to support her; and (4) said bill fails to aver and show that the respondent has failed and refused to provide a home for the complainant and provide for her as well as he is able. A decree was rendered overruling the demurrer, and respondent prosecutes this appeal.

E. N. Hamill, of Birmingham, for appellant. W. H. Anderson, of Birmingham, for appellee.

GARDNER, J. Suit by the wife against the husband for alimony alone. The substance of the bill is set out in the foregoing statement of the case, and need not be here repeated. It is quite clear from an unbroken line of authorities in this state that the bill has equity. Spafford v. Spafford, 74 South. 354;[1] Johnson v. Johnson, 195 Ala. 641, 71 South. 415; Clisby v. Clisby, 160 Ala. 572, 49 South. 445, 135 Am. St. Rep. 110; Murray v. Murray, 84 Ala. 363, 4 South. 239; Brady v. Brady, 144 Ala. 414, 39 South. 237; Glover v. Glover, 16 Ala. 440.

The assignments of demurrer also appear in the statement of the case, and we think it clearly appears that the bill was not subject to any of the assignments interposed. It results that the decree of the court below overruling the demurrer will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.