(107 So. 327)

### BENTON v. BENTON.   (7 Div. 594.)

(Supreme Court of Alabama.   March 25, 1926.)

**1. Divorce ⬤154—Decree on bill for divorce and alimony, reciting that complainant is entitled to relief prayed for, held not an actual adjudication of that relief.**

In bill for divorce and temporary and permanent alimony, decree reciting that "it is ordered, adjudged, and decreed that complainant is entitled to relief prayed for" is but a declaration of effect of evidence and not an actual adjudication of that relief, especially in view of subsequent final decree showing first decree to relate only to temporary alimony and solicitor's fees.

**2. Divorce ⬤38½, 231.**

Alimony is the legal incident to divorce, and fact that husband has furnished adequate support during separation does not bar wife's right to divorce, if ground therefor otherwise exists, in view of Code 1923, §§ 7415, 7417, 7418.

**3. Husband and wife ⬤283(2).**

Suit for separate maintenance is grounded on failure or refusal of husband having sufficient means to adequately support wife.

**4. Venue ⬤21.**

Suit for separate maintenance only must, like any other chancery suit, be filed in county of respondent's residence, if he is a resident of state, as prescribed by Code 1923, § 6524.

**5. Equity ⬤271.**

Code 1923, § 6558, allowing amendments to bills in equity as matter of right at any time before final decree, is to be liberally construed.

**6. Statutes ⬤269—Code allowing amendments to bills in equity held not to change general principles regulating amendments before statute (Code 1923, § 6558).**

Code 1923, § 6558, allowing amendments to bills in equity as matter of right at any time before final decree, does not change general principles of equity regulating character of permissible amendments before enactment of statute.

**7. Equity ⬤273—Right to amend bill is not absolute, where amendment makes a new case, radically departs from cause of action, or works entire change of parties (Code 1923, § 6558).**

Under Code 1923, § 6558, right to amend bill in equity is not absolute, where amendment

makes an entirely new case, or is a radical departure from cause of action stated in original bill, or works an entire change of parties.

**8. Action ⬤═⇒36—Striking of prayer for divorce from original bill held to make bill insufficient to support decree for separate maintenance, where there was n'o allegation of husband's failure or refusal to support.**

Where wife's original bill was sufficient to support decree for divorce with incidental alimony, striking of prayer for divorce converted bill into one for separate maintenance.

**9. Husband and wife ⬤═⇒296.**

Bill for separate maintenance is insufficient to support decree therefor, in absence of allegation of husband's failure or refusal to furnish support.

**10. Husband and wife ⬤═⇒296.**

Allegation of abandonment by husband does not import failure to furnish support.

**11. Husband and wife ⬤═⇒296.**

Proof sufficient for granting separate maintenance, without allegations therefor, does not warrant relief.

**12. Process ⬤═⇒6—Entry of final decree, after amendment of bill for divorce converting it into suit for separate maintenance, without notifying husband of amendment and giving him opportunity to object to venue by plea in abatement, held error (Code 1923, § 6524).**

Where amendment to wife's bill for divorce converted suit into one for separate maintenance, whose venue is fixed by Code 1923, § 6524, in county of husband's residence, it was error to enter final decree against husband without first giving him notice of allowance of amendment and opportunity to object to venue by plea in abatement.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

Bill in equity by Fay Miles Benton against Samuel A. Benton. From a decree for complainant, respondent appeals. Reversed and remanded.

The appeal is from a final decree rendered on a bill filed originally for absolute divorce, and for temporary and permanent alimony, but amended by striking out the prayer for divorce, so as to make it a bill for separate maintenance only.

The bill shows that complainant is a resident of Shelby county and respondent is a resident of Jefferson county; that the parties were married in June, 1904; that complainant was a dutiful wife in every respect; that respondent "voluntarily, and without cause or excuse, abandoned her, her home and her children," in Shelby county, in December, 1923; that complainant "has no property of any kind and no income, and that she is unable to pay a solicitor to represent her in this proceeding, and that she has no means or property upon which to live during the pendency of this suit, and that the said

(respondent) has a lucrative position" with a designated company at Birmingham.

The respondent answered that the separation complained of was due to incompatibility and domestic differences, and was not objected to by complainant, and that he had continuously sent to her half of his earnings—$35 per week—and until recently had paid $10 per month for her house rent. He also averred that $25 per week was sufficient alimony for him to pay, and that he could not pay the amount claimed, $200.

The record shows the depositions of the parties and this minute entry:

"This cause comes on to be heard at the present term on the original bill testimony of Fay Miles Benton, complainant, and L. L. Saxon, witness for complainant; and respondent, Samuel A. Benton, and, on consideration, it is ordered, adjudged, and decreed that the complainant is entitled to the relief prayed for.

"It is therefore ordered that it be referred to the register of this court to ascertain the amount due by the defendant to the complainant for monthly alimony, and as attorney's fee described in the original bill in this cause.

"This the 3d day of September, 1923."

The register reported (September 11, 1923), that $150 per month was a reasonable sum for alimony pendente lite, and $100 a reasonable sum for complainant's solicitor's fee. This report was confirmed by decree on September 22, 1923.

Soon afterward the trial judge died, and nothing further was done until December 6, 1924, when counsel for respondent filed a petition to the new trial judge, praying that the cause be set down for hearing and final decree on December 19, 1924. Thereafter, on January 5, 1925, complainant offered and filed an amendment to the original bill by striking out the prayers for a decree of divorce, and for the right to remarry. Respondent objected to the allowance of the amendment, 'on numerous grounds, by writing filed on January 7, 1925.

Complainant filed her note of testimony on January 7, 1925, and the transcript shows the following decree rendered (omitting immaterial parts):

"This cause, coming on again to be heard, was submitted for decrees on motion of respondent to substitute lost papers, and on motion of the complainant to allow amendment to the original bill, and for final decree, as noted by the register.

"It appears to the court that the complainant, as a matter of right, is entitled to amend the original bill, as proposed by the amendment filed in this court on the 5th day of January, 1925, and it is ordered, adjudged, and decreed by the court that said amendment be and the same is hereby allowed. This amendment does not change the parties or the nature of the suit, but it simply remits a part of the relief prayed for in the original bill.

"No further testimony has been taken since the decree allowing temporary alimony, and the

cause is submitted upon the testimony taken in order to determine the amount of alimony pendente lite, and in the opinion of the court such allowances would be proper for permanent alimony.

"It is further ordered, adjudged, and decreed by the court that the sum of $150 per month be and is awarded to complainant as permanent alimony until the further orders of this court, the said sum of $150 to be paid by the respondent to the complainant on the 1st day of each month hereafter.

"All other questions are reserved.

"Done at Columbiana, Ala., this 12th day of January, 1925. E. S. Lyman, Judge.

"Filed January 12, 1925."

Respondent duly petitioned for a rehearing, setting up numerous objections to the decree, and the petition was overruled. Respondent appeals.

J. L. Davidson, of Birmingham, and Paul O. Luck, of Columbiana, for appellant.

It was error to allow amendment to the bill after decree fixing the rights and liabilities of the parties. Cochran v. Miller, 74 Ala. 50; Jones v. Wilson, 54 Ala. 50; Beatty v. Brown, 4 So. 609, 85 Ala. 209; Smith v. Coleman, 59 Ala. 260; Munter v. Linn, 61 Ala. 492; Brock v. Clio Bkg. Co., 92 So. 805, 207 Ala. 404. The submission should first have been set aside. There was no proof before the court upon which the decree under the amended bill could be based. Sims' Ch. Pr. § 563; Wilkinson v. Buster, 22 So. 34, 115 Ala. 578; McMinn v. Karter, 22 So. 517, 116 Ala. 390; White v. White, 93 So. 457, 207 Ala. 533; Potts v. Court of Com'rs, 82 So. 550, 203 Ala. 300. Respondent should have been given an opportunity to plead to the bill as amended. Smith v. Lambert, 72 So. 118, 196 Ala. 269.

Fred G. Koenig, of Birmingham, for appellee.

The amendment was not such as to take it out of the lis pendens, and not a departure. Da Costa v. So. P. Co., 176 F. 843, 100 C. C. A. 313; Jester v. Jester, 90 A. 82, 27 Del. (4 Boyce) 542; Barth v. Barth, 42 S. W. 1116, 102 Ky. 56, 80 Am. St. Rep. 335; Brindley v. Brindley, 25 So. 751, 121 Ala. 431; Lawrence v. Lawrence, 37 So. 380, 141 Ala. 356.

SOMERVILLE, J. Appellant's most important contentions are: 1. That the amendment to the bill of complaint was improperly allowed (1) because it was offered *after* a final decree settling the main issue in the case, and (2) it changed the nature of the cause, setting up a new and different case, and working injustice to respondent. 2. That, even if allowable, it was necessary that the submission should have been first set aside, and notice of its allowance given to respondent so that he might plead, answer, or demur to the bill in its changed aspect.

3. That, in any event, the facts set up in the original bill, though sufficient as. a showing for divorce and *incidental* alimony, do not state a cause of action for *separate maintenance* without divorce, and hence do not support the decree granting that relief.

[1] Though the decree of September 3, 1923, recites that "it is ordered, adjudged, and decreed that the complainant *is entitled* tô the relief prayed for," this is but a declaration of the effect of the evidence, and is not an actual adjudication of that relief. Certainly, if no further decree had ever been rendered, these parties would not have been absolved from the marriage relation. Moreover, an examination of that decree, the register's report thereon, and the final decree on the amended bill, shows clearly that the first decree related only to temporary alimony and solicitor's fees—a purely interlocutory decree.

[2] In a suit by the wife for divorce, the court must make an allowance for her support pendente lite. Code 1923, § 7417. And, upon a decree for divorce, the court must decree alimony if the wife has no estate sufficient for her maintenance. Code, § 7418. The alimony is a legal incident to the divorce, and the fact that the husband has furnished adequate support during separation does not bar the wife's right to divorce, if the ground therefor otherwise exists. And a suit for divorce may be filed either in the county of the respondent's residence or in the county where the parties resided at the time of the separation. Code 1923, § 7415.

[3, 4] On the other hand, a suit for separate maintenance is grounded on the failure or refusal of the husband to furnish any or adequate support for the wife, having the means or ability to do so. 30 Corp. Jur. 1086, § 891, citing Tutwiler v. Tutwiler, 87 So. 852, 205 Ala. 283; Cross v. Cross, 75 So. 333, 200 Ala. 21; Johnson v. Johnson, 67 So. 400, 190 Ala. 527. Obviously, the allegations of a bill for divorce, sufficient therefor, may or may not be sufficient to authorize relief by way of separate maintenance. And a suit for maintenance only must, like any other chancery suit, be filed in the county of the respondent's residence, if he is a resident of the state. Code 1923, § 6524.

[5-7] Our statute allows amendments to bills in equity, as a matter of right, "at any time before final decree, by striking out, or adding new parties, or to meet any state of evidence which will authorize relief." Code 1923, § 6558. This statute has been given a broad and liberal construction (Ex parte Delpey, 66 So. 22, 188 Ala. 449), but it does not change the general principles of equity which regulated the character of permissible amendments before the enactment of the statute. (Rapier v. Gulf City Paper Co., 69 Ala. 476, 481). Hence, the right to amend is not absolute when the amendment makes an entirely new case, or is a radical departure from the cause of action stated in the original bill, or

works an entire change of parties. Pitts v. Powledge, 56 Ala. 147.

[8-10] It is clear that in this case the amendment was not designed to meet a state of the evidence authorizing relief not comprehended in the original prayers of the bill. The amendment, by striking out the prayer for divorce, ipso facto converted the bill into one for *separate maintenance* merely. The allegations of the original bill (and no allegations of fact were added or stricken by the amendment) were sufficient to support a decree for divorce, with *incidental* alimony, but are manifestly insufficient to support a decree for separate maintenance without divorce, because the essential allegation of the respondent's failure or refusal to furnish support is wanting. The allegation of abandonment does not import such failure, and does not, standing alone, supply the missing element.

[11] This amendment therefore eliminates from the bill the only aspect of relief for which the allegations of fact are apt and sufficient; and, notwithstanding the sufficiency of the proof for granting separate maintenance, proof *without allegations* does not warrant relief.

[12] Again, the amendment converts the suit into one whose venue is fixed by law in the county of respondent's residence, and which cannot, against his objection seasonably interposed, be maintained in any other county. Therefore, if it were conceded that the amendment was properly allowable, it was clearly erroneous to enter a final decree against respondent without first giving him notice of the allowance of the amendment, and an opportunity to object to the venue by plea in abatement. Otherwise every suit for separate maintenance may evade the law of venue by the simple expedient of conjoining a prayer for divorce, to be eliminated at any convenient time in the future.

For the reasons stated, we think the final decree was affected with error, and must be reversed, with remandment of the cause for further proceedings in accordance herewith.

Reversed and remanded.

THOMAS, MILLER, and BOULDIN, JJ., concur.