(114 So. 906)

### WOHLERT v. WOHLERT.  (I Div. 469.)

Supreme Court of Alabama.  Dec. 22, 1927.

**1. Husband and wife ☜285½—Courts of equity exercise original jurisdiction to award alimony independently of divorce bill.**

Courts of equity exercise original jurisdiction to award alimony independently of a bill for divorce.

**2. Husband and wife ☜283(1)—For award of alimony, facts need not warrant divorce.**

For the support of a bill for alimony it is not essential that facts appear sufficient to warrant a divorce.

**3. Husband and wife ☜283(1), 299½—That plaintiff was not entitled to divorce from bed and board held not to deny relief of alimony and children's custody as specially prayed (Code 1923, § 7423).**

Where, under the allegations of a bill for divorce and the proof adduced thereunder, the plaintiff wife was not entitled to a divorce from bed and board under Code 1923, § 7423, as prayed, *held* that this fact would not disentitle her to relief of alimony and custody of her two children as specifically prayed.

**4. Husband and wife ☜296, 299½—Alimony and custody of children may be granted complainant under general prayer.**

Where a wife sued for divorce from bed and board, *held* that relief as to alimony and custody of children may be granted complainant under a general prayer.

**5. Husband and wife ☜283(2), 299½—That husband abandoned wife and children without consent or excuse and without providing support held to entitle wife to alimony and children's custody.**

The fact that a husband abandoned his wife and two minor children without the wife's consent, without legal excuse, and without making provision for the wife and children, *held* to entitle the wife to alimony and the custody of such children.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Bill for divorce, custody of children, and alimony, by Bertha L. Wohlert against Andrew Wohlert. From a decree dismissing her bill, complainant appeals. Reversed, rendered, and remanded.

Hogan & Mitchell, of Mobile, for appellant.

Where the husband abandons his wife without legal excuse, the wife is entitled to recover separate support and maintenance. Cook v. Cook, 196 Ala. 180, 71 So. 986; Spafford v. Spafford, 199 Ala. 300, 74 So. 354, L. R. A. 1917D, 773; Murray v. Murray, 84 Ala. 363, 4 So. 239; Hinds v. Hinds, 80 Ala. 225; Glover v. Glover, 16 Ala. 440. To maintain such a bill it is not necessary for the wife to show such fault on the part of the husband as would support a bill for divorce. Rear-

den v. Rearden, 210 Ala. 129, 97 So. 138; Anonymous, 206 Ala. 295, 89 So. 462; Spafford v. Spafford, supra. Prayer for specific relief, not warranted by the facts averred, will not destroy the equity of the bill where there is a prayer to which proper relief may be referred. Bledsoe v. Price, 132 Ala. 621, 32 So. 325; Rosenau v. Powell, 173 Ala. 123, 55 So. 789; Munford v. Pearce, 70 Ala. 452; May v. Lewis, 22 Ala. 646. Under general prayer, the court will award appropriate relief. Rice v. Eiseman, 122 Ala. 343, 25 So. 214; Rosenau v. Powell, supra; McDonnell v. Finch, 131 Ala. 85, 31 So. 594.

GARDNER, J. Appellant is the wife of appellee, and filed this bill against him seeking divorce from bed and board, custody of their two small children, and temporary and permanent alimony, including reasonable solicitor's fees for the prosecution of the suit. Personal service was had upon defendant, who did not appear, and against whom decree pro confesso was duly entered. Testimony was heard orally in open court and the cause submitted for final decree, resulting in a dismissal of the bill, from which decree complainant prosecutes this appeal.

The evidence failed to make out a case justifying a decree from bed and board under section 7423, Code of 1923, and we think it clear the learned chancellor dismissed the bill for this reason. But there was a special prayer for relief by way of alimony, both temporary and permanent, and custody of their two children. There was also prayer for general relief.

The averments of the bill and the proof in support thereof disclose that some time prior to the filing of the bill defendant abandoned complainant with her two small children, without her consent, or legal excuse, and without making provision for their support. It is also made to appear the property owned by defendant as well, also his earning capacity.

[1, 2] It is well established by the decisions of this court that courts of equity exercise original jurisdiction to award alimony independently of a bill for divorce, and that for the support of bills of this character it is not essential that facts appear sufficient to warrant a divorce. Spafford v. Spafford, 199 Ala. 300, 74 So. 354; Cook v. Cook, 196 Ala. 180, 71 So. 986; Rearden v. Rearden, 210 Ala. 129, 97 So. 138.

[3-5] The relief sought as to alimony and custody of the children was consistent with the facts averred in the bill, and the proof justified a decree in complainant's favor in these respects. The fact that complainant was not entitled to the relief prayed as to divorce from bed and board does not deny to her this relief also prayed for and to which under the proof she is entitled. "The relief

to be awarded is determined by the facts alleged in the bill. * * * The fact that a bill contains a prayer for specific relief not authorized by the facts averred will not destroy its equity." Rosenau v. Powell, 173 Ala. 123, 55 So. 789. And, indeed, this relief as to alimony and custody of the children may have been granted complainant under the general prayer. "Under a general prayer for relief, with or without a special prayer, the court will award such relief as may be made out or is consistent with the case." Rice v. Eiseman, 122 Ala. 343, 25 So. 214. No defense was here interposed, and under the undisputed evidence complainant was entitled to relief as to the custody of the children and alimony, including reasonable solicitor's fee for the prosecution of the suit.

The decree dismissing the bill will therefore be reversed and one here rendered denying complainant a divorce from bed and board, but awarding her relief as to the custody of the children named in the bill and as to alimony. The cause will be remanded to the end that a reference be held to ascertain a reasonable allowance to complainant as alimony, both temporary and permanent, including a reasonable solicitor's fee for the prosecution of the suit, and for such further orders and decrees as may be deemed necessary by the chancellor in the further progress of the cause.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.