David McKay Enslen and Alex Smith, Jr., Fayette, and Moore & Alford, Winfield, for appellant.

Fite & Fite, Hamilton, and Fite & Fite, Jasper, for appellee.

63 So.2d 381

## CAGLE v. CAGLE.

### 6 Div. 511.

Supreme Court of Alabama.

Feb. 26, 1953.

MERRILL, Justice.

The complainant in the court below, appellee here, filed a bill for separate maintenance in the Circuit Court, in Equity, of Marion County, Alabama, against the appellant, alleging that appellant had committed actual violence on her person attended with

danger to her life or health; that appellant had transmitted by sexual relationship a venereal disease to appellee; that appellant displayed a violent temper, and that appellant did not support her.

Demurrers to the bill were filed by appellant pointing out the insufficiency thereof. The demurrers were overruled by the court.

Appellee amended the original bill of complaint, asking that the matter be set down for hearing on temporary alimony or support and solicitors' fee, pending final disposition of this case. Demurrers were not reassigned.

Upon the hearing of the testimony by the court on the question of temporary alimony and solicitors'· fee, the circuit court, in equity, ordered that appellant pay to appellee the sum of fifty dollars per month until further orders of the court, and fifty dollars for attorneys' fee. The appellant then filed his answer, in which he denied all the material allegations except those of jurisdiction. The matter was heard 'by the court on amended bill, answer and testimony taken, and the court entered a final decree ordering that the defendant (appellant) pay the complainant the sum of fifty dollars a month for permanent alimony or support, and that the defendant pay the register the sum of fifty dollars for solicitors' fee for services rendered by them at the hearing. From this final decree the appellant appeals.

The assignments of error concern themselves with the contention that the demurrers to the original bill should have been sustained, and that the evidence was not sufficient to support the decree for separate maintenance and alimony.

The appellant was sixty-two years of age and the appellee sixty years of age at the time of the hearing. They were married in 1912, and they separated in October 1951. They had a family of six children, four girls and two boys, all of whom were grown and lived away from home.

The complainant, Mrs. Cagle, testified that her husband had struck her in the mouth some six months prior to their separation, thereby committing actual violence upon her. She further testified that she had contracted venereal disease from her husband prior to her separation; that she did not recognize the disease, and that her daughter, who was a registered nurse, came to her home and secured blood for the purpose of making a blood test, and a physician in Birmingham informed her that she had contracted a venereal disease, and that she was being treated for it. She further testified that her husband had given her only ten dollars and had stated he did not intend to give her any more money. Her testimony and the testimony of others showed that her husband owned two houses in Guin, Alabama, and one in Jefferson County, all three of which were worth approximately $12,000 to $14,000; and all three were occupied but the tenants paid no rent.

The respondent, Mr. Cagle, denied that he had ever committed actual violence on his wife; denied his agency in transmitting the venereal disease to his wife, but admitted receiving treatment for the disease from the same physician who detected the disease in his wife. He denied that he had limited his wife to ten dollars; and denied that he had a violent temper. He denied that he had a regular position, and stated that his earnings at the time of the hearing were from twenty-five to thirty dollars a week. He was questioned closely about a sum of $6,-000, which he testified that he had paid to a man in Birmingham, whose name, whereabouts and residence he did not know either at the time of his testimony on May 27, 1952 or his testimony on July 16, 1952. All the testimony was taken before the court.

The bill in this case contained a prayer for· general relief. In Taylor. v. Taylor, 251 Ala. 374, 37 So.2d 645, 652, the Court stated: "Regardless of statute, or the right to a divorce, the court may under its general equity power, decree separate maintenance, upon sufficient allegation and proof; and we have held that a general prayer is sufficient for that purpose. In other words, the right to separate maintenance is not dependent upon the existence of some statutory ground for divorce. Wohlert v. Wohlert, 217 Ala. 96, 114 So. 906; Spafford v. Spafford, 199 Ala. 300, 74 So. 354, L.R.A.1917D, 773; Cross v. Cross, 200 Ala. 21, 75 So. 333."

The case of Spafford v. Spafford, 199 Ala. 300, 74 So. 354 (5 and 6), L.R.A. 1917D, 773, discusses the requirements or pleading and the public policy involved in suits for separate maintenance. The present case meets the standards there imposed.

As stated above, the trial court heard the evidence, had the parties before it and ordered permanent alimony and awarded attorneys' fee. In the opinion of this Court the amounts awarded in the decree were reasonable, and the findings of the trial court will not be disturbed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.