80 So.2d 299

### Ex parte AMERICAN LIFE INSURANCE COMPANY et al.

### Ex parte Mrs. E. B. MONTGOMERY.

6 Div. 644, 644-A.

Supreme Court of Alabama.

Nov. 11, 1954.

Rehearing Denied May 19, 1955.

Wilkinson & Skinner, Birmingham, for respondent.

Hugh A. Locke, Birmingham, Noble J. Russell, Decatur, Deramus, Hawkins, Fitts & Mullins and Lange, Simpson, Robinson & Somerville, Birmingham, for petitioners.

SIMPSON, Justice.

This is a derivative stockholder's suit brought against the American Life Insurance Company and certain corporate officers. Complainants in an unverified bill prayed that a mandatory injunction be issued ordering the respondent company to submit its books and records to complainants for examination; that a receiver be appointed to take charge of the property of respondents Montgomery, Wert and Hobbs; and that the above-named individuals be ordered to submit to an oral examination in aid of the relief prayed for. Demurrers to the bill were overruled by the trial court and an appeal was taken to this court. Following the taking of that appeal the trial court proceeded to set a date for a hearing on the mandatory injunction and appointment of receivers. Timely but unsuccessful efforts were made in the trial court to stay such proceedings pending the appeal to this court, whereupon the respondents to the bill of complaint petitioned this court in these two cases to issue a writ of prohibition against the trial court. The trial court was ordered by this court to appear and show cause why such writ should not issue and all proceedings on the case in the trial court were stayed pending the hearing. We pretermit discussion of the question of the jurisdiction of the lower court to proceed in these interlocutory matters pending the appeal from the decree on demurrers to the bill.

The appeal involving the sufficiency of the bill has been decided at this term American Life Ins. Co. v. Powell, Ala., 80 So.2d 487 [1]. It was held that the bill was subject to demurrer for failing to show an appeal to the stockholders or an excuse for not doing so. That being so—the bill as presently written having been ruled as without equity—complainants of course could not be entitled to any of the incidental relief prayed for in the instant cases. However, in view of the possibility that the defects of the bill might be cured by amendment, we deem it worthwhile to treat some of the questions involved in the two cases now under consideration.

First as to the receiver. It is contended by the petitioners (respondents to the bill) that the court cannot hold a hearing on the appointment of a receiver until the bill is verified. In resolving this question we have considered many cases of our own and many from courts of other jurisdictions. It may be stated that in general the latter are not very helpful, for this is a problem which is usually solved on the basis of local practice. The ultimate solution with us must rest on the following Equity Rules, Code 1940, Tit. 7 Appendix:

"Rule 12.—A bill need not be sworn to unless it seeks preliminary or interlocutory relief or unless it is a bill of discovery."

"Rule 104.—Interlocutory orders appointing receivers will not be made on a pleading unless verified by the oath of a person seeking that relief."

To state Rule 12 in affirmative form, it provides that a bill seeking preliminary or interlocutory relief must be sworn to. Campbell v. State, 242 Ala. 215, 5 So.2d 466. It has been held in recent decisions of this court that such a bill is not demurrable for lack of verification, but it is stated in these same cases that it must be sworn to when

the relief is sought. Nolen v. Wiley, 246 Ala. 482, 21 So.2d 322; Campbell v. State, supra.

In our study of the question we have become impressed by the decision in the Georgia case of Boykin v. Epstein, 87 Ga. 25, 13 S.E. 15, 16. Though the court there was considering the question of what a court could be compelled to do, we think that much of its reasoning is applicable to our problem, for it does not appear to us to be a matter resting in the discretion of the trial court. The Georgia statute, Acts 1886–87, p. 65, provided that "no petition needs to be verified, unless it seeks an extraordinary equitable relief, or remedy, in which case it must be." On an unsworn petition the trial court set a date for hearing on the appointment of a receiver. At the hearing petitioners said they were ready to prove their allegations by affidavits, witnesses, court records and books then in court. The trial court refused to proceed unless the petition was verified. When this was assigned as error on appeal, the court said:

"If, as contended by the learned counsel for the plaintiffs in error, proof of the allegations at and during the hearing would be sufficient verification, there would have been no need at all for passing the statute cited, because, as no injunction could be properly granted, or receiver appointed, unless facts authorizing such relief are proved to the judge, it follows that, unless the statute means to provide for a verification of the petition in some way previous to action thereon by the judge, it is useless, and serves no practical purpose. It may be said in reply to this that the judge could not appoint a receiver or grant a restraining order or other like relief before the petition has been verified, but that he could grant a rule to show cause before this was done. The statute makes no such distinction. Its evident purpose was that nothing putting in motion the extraordinary powers of the court should be done by the judge until the application for the exercise of such powers has been vouched for by some kind of proof or verification. A rule nisi on such a petition is as much a part of the 'equitable relief or remedy' sought as a restraining order, or one appointing a receiver; and the law means that no part of this relief can be had upon an unverified petition."

■ The above reasoning applies with great force to our Rule 12. We are not persuaded that Rule 104 was intended to be an exception to the clear meaning of Rule 12 and to withdraw from Rule 12's operation bills for ancillary receiverships. We note that both rules are new with the Code of 1940, and were apparently adopted at the same time. Rules 103 through 107 deal with receivers. Thus we feel that instead of Rule 104 being an exception to Rule 12, it is rather an application of it to the particular subject dealt with in Rules 103 through 107. The words "on a pleading" would seem to have no particular significance when it is recalled that the practice most commonly followed in this state is to seek interlocutory relief on the basis of facts stated in a sworn pleading rather than depend on affidavits and testimony. This is evidently the construction placed on these two rules by this court in the cases of Nolen v. Wiley and Campbell v. State, supra, which specifically held that if the bill seeks interlocutory relief "the bill must be verified by sufficient affidavit." Nolen v. Wiley, supra, 246 Ala. 483, 21 So.2d 324. We hold, therefore, that if proper objection is made no part of the court's powers can be put into operation in regard to the requested interlocutory relief unless there is a sworn bill.

The above reasoning likewise disposes of the question of the hearing on the injunction.

■ If the case ever progresses to the state where petition for an interlocutory injunction and appointment of a receiver is up for hearing, it would be possible for the trial court to hold it ore tenus. Equity Rule 56, approved May 21, 1943, Code 1940, Supplement. If, at such a hearing, com-

plainants wish to call some of the respondents as witnesses they may do so. See Equity Rule 39(b). But, so far as we are advised there is no rule of law in this jurisdiction permitting an oral examination for purposes of discovery in a case such as the one now before the court.

Petition granted and writ awarded.

All the Justices concur.