92 So.2d 911

**Ex parte John B. O'CONNELL.**

**1 Div. 676.**

Supreme Court of Alabama.

Feb. 21, 1957.

Caffey, Gallalee & Caffey, Mobile, for petitioner.

Cecil G. Chason, Foley, for respondent.

PER CURIAM.

This is an original petition to this Court for a mandamus directed to the judge of the circuit court of the Twenty-eighth Circuit sitting in Baldwin County, to require him to vacate an interlocutory order providing for the maintenance pendente lite of Mrs. Eva B. O'Connell in a suit in equity wherein she is complainant and this petitioner is respondent. In that suit maintenance without divorce is sought.

We shall treat only those contentions made in brief for the petitioner. There is no brief on file for the respondent.

A plea in abatement was filed by respondent asserting that neither the complainant nor respondent was a resident of Baldwin County at the time the suit was filed and had not been for one year before the suit was filed as alleged in the bill, and did not reside in that county when the separation occurred. After holding the plea legally sufficient, the trial judge set it down for hearing on proof as to its allegations. On that hearing proof was offered as to its truth, and the testimony of witnesses taken (some of which was alleged to be by authority of Act No. 375, approved September 8, 1955 [Acts 1955, page 901]). The cause was submitted on the issues made by the plea in abatement. The trial court held, on April 26, 1956, that the plea was not proven and decreed that it be overruled and denied, and set the cause down for hearing on May 16, 1956 in accordance with an agreement entered into by all the parties in open court.

On May 18, 1956 there was another hearing. No evidence was taken on that day, but the court entered an interlocutory decree ordering the respondent (this peti-

tioner) to pay complainant therein, "pending the final outcome of this matter, the sum of one hundred fifty dollars ($150.00) per month", and fixed $500.00 as a reasonable attorney's fee to be paid by the respondent to the solicitor for the complainant, the Hon. Cecil G. Chason of Foley, Alabama. The petition to this Court is to require the Hon. Hubert M. Hall to vacate and annul the order made May 18, 1956 in respect to support money and solicitor's fee. This Court issued the rule nisi, and in response thereto the judge admitted the alleged matters of record.

Questions of law only are presented by the petition and by the supporting brief. The contentions are (1) that the order sought to be vacated is void or erroneous because it orders interlocutory relief, and the bill seeking such relief is not sworn to as required by Equity Rule 12, Code 1940, Tit. 7 Appendix (2) the bill of complaint is insufficient in its allegations to justify such an order; and (3) that the testimony supporting the order is incompetent and illegal. No question is here involved with respect to the plea in abatement.

■ There was no petition for an allowance for maintenance and attorney's fee except as it is sought in the original bill. That of course is proper procedure; but the original bill is not sworn to. To that extent the bill undoubtedly sought and the court granted "preliminary or interlocutory relief". Equity Rule 12 provides: "A bill need not be sworn to unless it seeks preliminary or interlocutory relief or unless it is a bill of discovery".

We had occasion to consider Equity Rule 12 with respect to the preliminary appointment of a receiver in the case of Ex parte American Life Ins. Co., 262 Ala. 543, 80 So.2d 299. While in that connection there is another Equity Rule 104, which also requires a verification of the pleading seeking the appointment of a receiver, we thought that the requirements of Equity Rule 12 were sufficient unaided by Equity Rule 104. In that suit it was noted that an absence of verification in such a suit does not render the bill subject to demurrer on that ground, but that the preliminary or temporary relief should not be ordered unless it is duly verified. Wood, Wire & Metal, Lathers International, Local No. 216 v. Brown & Root, 258 Ala. 430, 63 So.2d 372; Nolen v. Wiley, 246 Ala. 482, 21 So.2d 322; Campbell v. State, 242 Ala. 215, 5 So.2d 466. It was also pointed out in the case of Ex parte American Life Ins. Co., supra, that the failure to verify is not cured by the introduction of ample proof on the hearing for temporary relief.

■ This proceeding has been termed an *emergency* appeal, and it is not limited to jurisdictional matters, but if the order for temporary alimony and solicitor's fee was erroneously rendered it will be reviewed for that error on such a petition. Ex parte Tucker, 254 Ala. 222, 48 So.2d 24; Ex parte Taylor, 251 Ala. 387, 37 So.2d 656.

It is clear that an order granting preliminary or temporary relief is erroneous unless it is based on a sworn bill or petition. Having reached that conclusion, it results that mandamus should issue as prayed for.

■ We wish to pretermit consideration of the question of whether such an order without a verified bill is void and inoperative on collateral attack. The attack here made is direct and in the nature of an appeal. Cf. Wood, Wire & Metal Lathers International, Local No. 216 v. Brown & Root, supra, 258 Ala. see page 434 [8, 9, 10], 63 So.2d 372. But for the benefit of further procedure in this cause we think it appropriate to respond to the other contentions.

(2) The next question raised in brief relates to the sufficiency of the allegations of the bill to support a temporary allowance for maintenance pending this suit.

■ The necessary allegations in a bill of complaint seeking an allowance for maintenance without a divorce, either ab-

solute or from bed and board, are, as stated in some of our cases, that the parties are husband and wife and that he refuses to maintain her, Love v. Love, 239 Ala. 166, 194 So. 555; Benton v. Benton, 214 Ala. 321, 107 So. 827; Johnson v. Johnson, 190 Ala. 527, 67 So. 400; Cagle v. Cagle, 258 Ala. 414, 63 So.2d 381; Ex parte Hale, 246 Ala. 40, 18 So.2d 713; and in other cases also that there has been an abandonment of the wife or a separation before the bill was filed. Jones v. Jones, 233 Ala. 642, 173 So. 49; Whitman v. Whitman, 223 Ala. 557, 137 So. 666.

The bill in the instant case alleges the marriage of the parties and that they are still man and wife, and that complainant was forced by respondent's treatment of her (alleging the details of such treatment) to live separate and apart from respondent; that she is destitute and without funds with which to support herself; that respondent has an income on retirement from the United States Army of approximately $400 a month. The bill does not allege that the respondent has failed or refused to provide for her support and maintenance. It is therefore defective in that respect.

(3) The third and last contention made is that the testimony on which the order for temporary maintenance and solicitor's fee is based is illegal and incompetent because of the rule that no procedure can be conducted in a suit in equity pending a plea in abatement until that plea is disposed of. But in view of the fact that the decree must be vacated, and the question need not again arise in the further progress of this case, we think it unnecessary to respond to that contention.

For the reasons which we have indicated, the writ of mandamus should issue requiring the vacation of the decree of May 18, 1956 awarding temporary alimony and solicitor's fee.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Petition for writ of mandamus granted.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and COLEMAN, JJ., concur.