167 So.2d 163

**William Henry EMENS**

v.

**Lilyan B. EMENS.**

**8 Div. 148.**

Supreme Court of Alabama.

Sept. 3, 1964.

Malone, Malone & Steele and Jimmy E. Alexander, Athens, for appellant.

Murray W. Beasley, Tuscumbia, for appellee.

SIMPSON, Justice.

The original opinion is withdrawn and this opinion is substituted on rehearing.

This appeal is by the respondent (husband) and cross-complainant from a decree of divorce granted to complainant for and on account of voluntary abandonment, awarding complainant possession and control of the real estate of the parties and custody of the minor children born during

wedlock and monthly payments to appellee for support of their children.

■ On rehearing counsel for appellant have called to our attention that we stated that the bill was filed on January 11, 1962 and the evidence showed that they separated on January 10, 1961. This was an error. The bill was filed January 11, 1961 and the separation of the parties occurred January 10, 1961. The alleged abandonment between the parties all occurred within one year of the time of the filing of the bill and was not for one year next preceding the filing of the bill. True, there were certain amendments to the original bill which were filed during the year 1962, but these amendments related back to the time of the filing of the original bill on January 11, 1961.

In Stallworth v. Stallworth, 272 Ala. 449, 131 So.2d 867, the precise question was there before the court where the amendment to the original bill averred that the abandonment was for one year "next preceding the filing of this amendment". We there held that the requirements of the statute, Code 1940, Tit. 34, § 20, as amended, were not met as the voluntary abandonment must be for one year "next preceding the filing of the bill ". Citing Cox v. Cox, 268 Ala. 572, 109 So.2d 703; Winning v. Winning, 262 Ala. 258, 78 So.2d 303. We further held in Stallworth that courts of equity were without jurisdiction to grant divorce a vinculo without statutory authority and such authority lacking, a decree so rendered would be coram non judice and void. See also Edelman v. Poe, 267 Ala. 387, 103 So.2d 333.

It results, therefore, that that part of the decree granting appellee a divorce was in error and insofar as that part of the decree is concerned, it will be reversed.

■ Having voided that part of the decree of the lower court granting the divorce, we will now move to a consideration of that part of the decree awarding custody of the children, payment of monthly stipends to appellee for support of the children, and use of the real estate to the appellee. We are of the opinion that this part of the decree must prevail under the usual presumption that the trial court who heard the evidence ore tenus is better advantaged to decide these troublesome questions than is this Court. Without detailing the evidence it appears, as it must have appeared to the trial court, that the mother is more suitable to have custody of the children. We, therefore, are unable to say that the lower court's decree with reference to custody of the children and the other features of the decree, except that part granting the divorce, was palpably erroneous.

■ While the aim of the original bill was somewhat different—for a divorce—the jurisdiction of the court with reference to the welfare of the children was invoked and the court had inherent power to enter a decree for the custody and support of the children. Stallworth, supra; Channell v. Channell, 257 Ala. 85, 57 So.2d 549; Taylor v. Taylor, 251 Ala. 374, 37 So.2d 645; Lyall v. Lyall, 250 Ala. 635, 35 So.2d 550, and cases there cited; Lasseter v. Lasseter, 266 Ala. 459, 97 So.2d 555.

Some suggestion has been made that since the appellee was not entitled to a decree of divorcement she would not be entitled to a decree for separate maintenance. This is not the law. In Taylor v. Taylor, supra, this Court stated:

"While the bill was insufficient to support a decree for a divorce from bed and board on the statutory ground of abandonment, it did contain a prayer for general relief. Regardless of statute, or the right to a divorce, the court may under its general equity power, decree separate maintenance, upon sufficient allegation and proof; and we have held that a general prayer is sufficient for that purpose. In other words, the right to separate maintenance is not dependent upon the existence of some statutory ground for divorce."

■ Appellee having been awarded custody of the children, it was entirely within the jurisdiction of the trial court to award

her allowances for the support of the children, as well as a place for them to live. It is clear, therefore, that there was no error in the decree allowing monthly payments to appellee for the support of the children and for the use and possession of the real estate. Cases ubi supra. By analogy see Ex parte Gurganus, 251 Ala. 361, 37 So.2d 591.

It results as our view that the decree of the lower court granting appellee a divorce a vinculo is reversed and one here rendered denying appellee a divorce and the decree is modified to this extent and is affirmed in all other respects with directions that the lower court modify the decree below in accordance with this opinion.

Affirmed in part and in part reversed and remanded with directions.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.