235 So.2d 677

Tommy **HARDY**

v.

**STATE.**

**6 Div. 16.**

Court of Criminal Appeals of Alabama.

Feb. 24, 1970.

Rehearing Denied March 24, 1970.

Parker, Wilkinson & Montgomery, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

Robbery: ten years in prison. Code 1940, T. 14, § 415.

I

March 3, 1968 Joseph Creel, a taxi driver, was held up by a passenger.

March 27, 1968 Creel picked Hardy from six other men of the same color in a police line-up at the Birmingham City Jail. Hardy had no lawyer then.

II

Here Creel drove with his passenger sitting beside him for half an hour, all the while being asked to make many turns. Though this trip was in the early morning darkness, Creel testified to being told to turn right eight times and stopping under a light and turning on the dome light in the cab. Moreover, it was brought out that at least one stretch was on a well-lighted street; indeed, the whole trip seems to have been within the city limits.

Creel stated that he observed Hardy fifteen times along the way.

We again distinguish Jones v. State, 283 Ala. 221, 215 So.2d 437; here, primarily, because: (1) Jones's counsel was not given a chance to be at the jail when the victim was put in the next cell; (2) the ensuing voice identification occurred two months or more after the robbery; and (3) Jones's voice alone was proffered for a yes or no test without any other voices to test the 68 year old witness's aural acuity. Also, the in-court identification was equivocal.

Under Clemons v. United States, 408 F. 2d 1230, which we cited with approval in Robinson v. State, Ala.App., 228 So.2d 850,[1] the burden shifted to the State of supporting Creel's in-court identification of Hardy. We also consider that despite the lack of counsel the State overcame the presumption (to exclude) tested by these standards (United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149):

1. Prior opportunity to observe the alleged crime—corpus delicti: *30 minutes as detailed above;*

2. Existence of discrepancy between pre-lineup description and actual description (does this mean actual description in lineup or actual description in court): *Creel gave Hardy's height as less than police measured;*

3. Identification prior to lineup of someone other than defendant: *none;*

4. Identification of defendant by picture before lineup: *Creel thought one photo looked somewhat like the robber;*

5. Failure to identify defendant on a prior occasion: *none;* and

6. Lapse of time between the crime and lineup identification: *twenty-four days.*

We do not rely on the State's claim that Hardy waived his *Wade* rights—proof of his being told was too scant. Compare Westover v. United States, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

We have considered the whole record under Code 1940, T. 15, § 389 and conclude that the judgment below is due to be

Affirmed.

On Rehearing

Appellant argues that the trial judge erred in stating that Creel, the complaining

1. Ante p. 236.

**634**

witness, had (on cross-examination) answered a question. At trial, counsel had contended the witness should have said "yes" or "no." R. 139.

We find no merit in the contention. See McElroy, Evid. (2d ed.), § 121.02 and § 121.07. Counsel made no motion to exclude the answer as nonresponsive, hence the trial judge was not called on to rule as to whether or not the witness's reply fitted the question.

Application overruled.