261 So.2d 415

Frank H. McDOWELL

v.

Dorothy B. McDOWELL.

6 Div. 81.

Court of Civil Appeals of Alabama.

May 12, 1971.

Rogers, Howard, Redden & Mills, Birmingham, for appellant.

Corretti, Newsom, Rogers & May, Birmingham, for appellee.

WRIGHT, Judge.

The original opinion in this case is withdrawn and this opinion is substituted in lieu thereof. Application for rehearing overruled.

Dorothy B. McDowell brought a bill of complaint for divorce against Frank H. McDowell in the Circuit Court of Jefferson County, Alabama, on August 16, 1967. Final decree granting a divorce was entered April 9, 1968. Appeal was taken to the Supreme Court of Alabama and the decree was reversed by that Court on May 8, 1969. McDowell v. McDowell, 284 Ala. 158, 223 So.2d 277.

Mrs. McDowell amended her complaint and the matter was again tried and final decree granting a divorce was rendered June 13, 1969. McDowell v. McDowell, 45 Ala.App. 632, 235 So.2d 676. The latter reversal was for failure of the evidence to sustain a decree of divorce on the ground of cruelty.

Upon remandment to the circuit court, Mrs. McDowell again amended her bill of complaint by adding to her original bill a prayer for a decree of separate maintenance. The testimony in support of the amended bill was a repetition of that given at the two previous hearings.

To the bill of complaint as last amended, respondent below, Mr. McDowell, appellant here, demurred. There was a demurrer to the bill as a whole, and demurrer to the aspect of the bill seeking divorce on grounds of cruelty. There was further demurrer to the aspect of the bill seeking separate maintenance.

The trial court overruled the demurrer to the bill as a whole. There was no ruling on the demurrers to the separate aspects of the bill.

In our original opinion we held that the trial court was in error in its decree overruling the demurrer because that part of the bill of complaint seeking separate maintenance was insufficient to invoke the jurisdiction of the court for failure to aver that the parties were living separate and apart or that respondent had failed or refused to furnish support at the time of the filing of the bill of complaint. On rehearing we have reexamined the transcript of the record and have recognized that the decree of the trial court did not apply to the aspect of separate maintenance, but overruled appellant's demurrer to the bill as a whole. Since there was an aspect of the bill seeking a divorce, which in our opinion, was sufficient as against the demurrer assigned, the decree of the court overruling the demurrer to the bill was not error.

In the case of Rowe v. Rowe, 256 Ala. 491, 55 So.2d 749, there was involved the

8

same sort of situation as in the instant case. We find there the following statement:

"Demurrer was addressed to the bill as a whole and also specially to the two aspects. Without ruling on the demurrers to the separate aspects, the trial court rendered a general decree overruling the demurrer to the bill. The effect of such a ruling was a ruling only on the demurrer to the bill as a whole and if either aspect were good, the decree is due to be affirmed. Badham v. Johnston, 239 Ala. 48, 193 So. 420. Cf. Alabama Chemical Co. v. Niles, 156 Ala. 298, 47 So. 239. See the Alabama Lawyer, Vol. 12 (1951), pp. 344, 353, The Demurrer in Equity, by Judge E. N. Creel. This is merely a corollary to the principle long established in our decisions that on appeal from a decree 'sustaining a demurrer to the bill' and no reference is made in the decree to the grounds of demurrer going to a part or aspect of the bill, only grounds going to the sufficiency of the bill as a whole will be considered. Penton v. Brown-Crummer Investment Co., 222 Ala. 155, 131 So. 14, and where a bill sets up several distinct equities, if complainant is entitled to relief on one or more, a decree sustaining the demurrer generally is to be referred to the grounds of demurrer addressed to the bill as a whole. Florence Gin Co. v. City of Florence, 226 Ala. 478, 147 So. 417; Steele v. Freeman, 250 Ala. 336, 34 So.2d 139; Wood v. Estes, 224 Ala. 140, 139 So. 331; Oden v. King, 216 Ala. 504, 113 So. 609, 54 A.L.R. 1413 * * *."

This holding was cited in Tarlton v. Tarlton, 262 Ala. 67, 77 So.2d 347.

We have stated that the aspect of the bill seeking a divorce on cruelty is sufficient as against appellant's demurrer. That question was decided by this Court in the former appeal. McDowell v. McDowell, supra. The demurrer of appellant to the bill as amended subsequent to our decision in the former appeal is in effect the same as that previously considered by this Court. The failure to allege a separation of the parties prior to filing a bill for divorce on the statutory grounds of cruelty does not make the bill demurrable. Chamberlain v. Chamberlain, 245 Ala. 105, 16 So.2d 8.

Though the bill of complaint, as last amended, is not subject to demurrer as to the bill as a whole, that part of the court's decree granting to appellee separate maintenance cannot stand. Due to failure to aver that the parties were separated at the time of filing the bill, nor that respondent had failed or refused to provide support, there was no equity shown by the aspect of the bill seeking separate maintenance. Whitman v. Whitman, 223 Ala. 557, 137 So. 666; Jones v. Jones, 233 Ala. 642, 173 So. 49; Brewer v. Brewer, 259 Ala. 149, 66 So.2d 450; Ex parte O'Connell, 265 Ala. 526, 92 So.2d 911.

We recognize the proposition advanced by appellee that in a suit for divorce, though there is not shown a right to divorce, if there is a prayer for general relief, the court under its general equity power may decree separate maintenance. This proposition is supported by Cagle v. Cagle, 258 Ala. 414, 63 So.2d 381; Taylor v. Taylor, 251 Ala. 374, 37 So.2d 645. However, this general proposition is conditioned upon the presence of the necessary allegations to provide equity as stated in Whitman v. Whitman, supra. We find the following statement in the case of Taylor v. Taylor, supra:

"* * * Regardless of statute, or the right to a divorce, the court may under its general equity power, decree separate maintenance, *upon sufficient allegation and proof*; and we have held that a general prayer is sufficient for that purpose. In other words, the right to separate maintenance is not dependent upon the existence of some statutory ground for divorce. Wohlert v. Wohlert, 217 Ala. 96, 114 So. 906; Spafford v. Spafford, 199 Ala. 300, 74 So. 354,

LRA 1917D, 773; Cross v. Cross, 200 Ala. 21, 75 So. 333."

All of the cases cited by appellee are referred to in the above quotation. Our reading of them disclosed that the bills of complaint averred separation or abandonment and a failure or refusal to support with supporting proof thereof.

While a bill of complaint for separate maintenance is not required to contain the nicety of pleading as that for divorce, nor need it show such fault on the part of the respondent as would support that for divorce, such bill of complaint is required to sufficiently invoke the powers of equity and a right to the relief sought. Love v. Love, 239 Ala. 166, 194 So. 555.

We have carefully examined the transcript of the evidence and find no proof of a failure or a refusal to support appellee by appellant. The decree as to separate maintenance is not supported by either allegation or necessary proof.

Assignment of error 4 attacks that portion of the decree granting to appellee the use and occupation of the residence of the parties. It is contended to be erroneous for two reasons. First, that the propriety of such action is dependent upon a valid right to separate maintenance. Second, that the effect of granting such right is a division of property and such is not authorized in a separate maintenance proceeding. We disagree with both contentions.

The jurisdiction of the court was sought to be invoked not only to seek a divorce or separate maintenance, but also for custody and support of a minor child. For the latter purpose, the bill was sufficient. Even though allegation or proof as to divorce or separate maintenance be insufficient to warrant granting of relief, or if granted, be reversed on appeal, the inherent jurisdiction of a court of equity to provide for the welfare of a minor child involved is not necessarily affected.

The power of a court of equity, once its jurisdiction is invoked, to provide for the welfare of a minor child is not dependent upon nicety of pleading or failure to sustain other aspects of the bill of complaint. Emens v. Emens, 277 Ala. 80, 167 So.2d 163; Stallworth v. Stallworth, 272 Ala. 449, 131 So.2d 867; Butler v. Butler, 254 Ala. 375, 48 So.2d 318; Scott v. Scott, 247 Ala. 598, 25 So.2d 673; Calhoun v. Calhoun, 46 Ala.App. 381, 243 So.2d 37.

On motion for rehearing, appellant has cited in particular the case of Sachs v. Sachs, 278 Ala. 464, 179 So.2d 46. It is contended that the decision in that case and that of Butler v. Butler, supra, Stallworth v. Stallworth, supra, stand for the proposition that the inherent equity jurisdiction to provide for the welfare of a child involved in a divorce case must be invoked by some particularity of pleading. We do not think that is the effect or meaning of those decisions. It is true that in those cases the Supreme Court set out certain allegations which did invoke such jurisdiction, but we do not agree that the effect is to require such particularity.

It was stated in the case of Cleckley v. Cleckley, 250 Ala. 78, 33 So.2d 338 as follows: "In proceedings of this nature, the chancellor does not proceed upon the theory that the petitioner, whether father or mother, has a cause of action against the other, or indeed against anyone. He acts as parens patriae to do what is best for the interest of the child. He is not adjudicating a controversy between adversary parties, to compose their private differences. He is not determining rights as between a parent and child, or as between one parent and another."

It is our view of the inherent authority and obligation of a court of equity as parens patriae of a child that no particularity of pleading or allegation is necessary to invoke such authority. Notice, in any form, that there is a child involved in a case where its jurisdiction is invoked, presents the court with the obligation of parens patriae. If the proof is such as to move the conscience of the court to act in order to

protect the interest and welfare of the child it should do so.

To contend that the court is powerless to act for the protection of a child involved in a case before it without a formal pleading requesting it, is in derogation of its inherent authority and obligation. Could it seriously be contended that though there is no mention of a child in a bill of complaint for divorce, but it develops in the testimony that there is a child and it needs the protection of the court, that such protection could not be extended? We do not think so. We do not need to state this as a rule in the instant case. The pleading indicated the presence of a child and sought support for it and thus by inference, its custody. We consider the jurisdiction of the court was invoked. It has heard of substantial incompatibility between the parents, though this Court found that the acts of the husband complained of by the wife were not sufficiently established by the evidence to entitle her to a divorce on the ground of cruelty. (This writer dissenting.) It has heard that the parties have lived apart for some three years with the child in the custody of the mother. It has also heard appellee state she did not love appellant and would never again live with him as his wife. We think it fairly supported by the evidence that the best interest and welfare of the child required a decree of custody and support. Though we are required to set aside that portion of the decree granting to appellee separate maintenance for failure of pleading and proof, we can see no reason to set aside that aspect of the decree relating to custody and support of the child and toss it back into the maelstrom of the personal animosities of its parents. The fitness of the appellee to have custody has not been challenged either in the testimony below nor on this appeal.

Since it may be fairly contended that the part of the decree granting separate maintenance, which is reversed by this opinion, affected in some degree the amount and character of the support granted to the child, we would think it pertinent to the matter remanded for the trial court in its discretion to consider modifying its original decree as to support. This observation is in no way to be construed as a direction from this Court.

In consideration of the second contention, we agree that it is the rule that a decree of separate maintenance for the wife does not authorize a division of the estate of the husband, and an award thereunder is payable only from the income of the husband. Rowe v. Rowe, 256 Ala. 491, 55 So.2d 749. This rule is not applicable to an award for the support of a minor child. The duty of a father to contribute to the support of his child is not limited to income. Waldrop v. Waldrop, 222 Ala. 625, 134 So. 1; Emens v. Emens, supra.

The court in *Emens*, supra, stated as follows:

"Appellee having been awarded custody of the children, it was entirely within the jurisdiction of the trial court to award her allowance for the support of the children, as well as a place for them to live. It is clear therefore, that there was no error in the decree allowing monthly payments to appellee for the support of the children and for the use and possession of the real estate * * *."

Our reading of the decree of the trial court indicates that the provisions of the various paragraphs thereof requiring payments by appellant to the appellee, are in fact, for the purpose of implementing the award of custody and support of the minor child and are not for the benefit or purpose of maintenance of appellee. That she will incidentally benefit as custodion of the child is not controlling.

Assignment of Error 5 complains of error in paragraph 7 of the decree. In that part of the decree there was awarded to

appellee the sum of $600.00, representing one-half of the cost of the purchase and installation of a heating and cooling unit in the home owned by appellant and used by appellee and the child as a place of residence. Appellee had found it necessary to secure the installation of the unit due to failure of the old. She entered into a monthly payment contract for the cost of $1200.00.

The evidence is uncontradicted that the purchase of the unit was necessary to maintain the habitability of the residence for herself and the child, and since it tends to enhance the value of appellant's property, we see nothing wrong with requiring appellant to contribute to the cost. However, we would think it proper that payment of the sum directed would be more aptly applied by appellant directly upon the contract rather than by payment to appellee. We direct the trial court to amend its decree to that end.

Assignments of Error 6, 7, 8, 9 and 10, further attack the finding of fact of the trial court. The finding of fact referred to is that set out to sustain the decree of separate maintenance. We do not need to consider whether, if supported by the evidence, such finding is legally sufficient to sustain a decree of separate maintenance. We have previously determined there was no allegation in the bill such proof would support. Proof without allegation is not enough and may not be considered. Sachs v. Sachs, supra; Myers v. Moorer, 273 Ala. 18, 134 So.2d 168. This general rule does not conflict with the inherent right of equity to protect the welfare of a minor child who is brought under its jurisdiction.

For error shown, the decree of the court below is affirmed in part and reversed in part with directions. It is our earnest hope that this matter will be laid to rest and further review by this Court will not be necessary.

Affirmed in part and reversed in part with directions.